THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant, *v.* ADOLPHUS CARTER, Appellee.

APPEAL FROM LA SALLE COUNTY COURT.

Where there is an exception in an enacting clause of a statute, the plaintiff suing under it must show that the defendant is not within it; if the exception is in a subsequent section, it must be pleaded in defense to avoid the penalty.

In an action under the statute against a railroad company, for injuries to animals, the road not being fenced, the plaintiff should aver that the animals were not within the limits of a village, etc.

In an action on the case for killing animals, "*gross*" negligence need not be averred; negligence in such a case is matter of proof. An averment that the railroad company had not fenced, may be treated as surplusage.

THIS was an action of trespass on the case, brought in the La Salle County Court, at the September term, 1857, by plaintiff

below, to recover damages from defendant below, for killing three colts of plaintiff on railroad of defendant.

To the declaration of plaintiff there was a demurrer by defendant; and for special cause of demurrer, the defendant assigned the following, to wit:

1st.  In neither of said counts is there any averment that the colts mentioned were not killed within the limits of any town, city, or village, and did not come upon the railroad of said defendant within the limits of such town, city, or village.

2nd.  In neither of said counts is there any averment that said colts were killed through the wanton or willful and gross negligence of the agents or servants of said defendant.

3rd.  In neither of said counts is there any averment that said colts were killed through the gross and culpable negligence or wanton recklessness of the agents or servants of said defendant.

4th.  And also, that said declaration is, in other respects, uncertain, informal and insufficient.

The demurrer was overruled ; to which ruling defendant excepted, and prays an appeal.

D. L. HOUGH, for Appellant.

GLOVER & COOK, for Appellee.

WALKER, J.  The assignment of error in this case questions the decision of the court below in overruling the demurrer to plaintiff's declaration.  The first count is constructed under the act of the legislature, approved on the 14th day of February, 1855, which provides, that " Every railroad corporation whose line of road, or any part thereof, is open for use, shall, within six months after the passage of this act, and every railroad company formed or to be formed, but whose lines are not now open for use, shall, within six months after the lines of such railroad, or any part thereof, are opened, erect and thereafter maintain fences on the sides of their road, or the part thereof so open for use, suitable and sufficient for to prevent cattle, horses, sheep and hogs from getting on to such railroad, except at the crossings of public roads, highways, and within the limits of towns, cities and villages, with openings, or gates, or bars, at the farm crossings," etc.  The doctrine is laid down in Chitty's Pleadings, p. 223, " that where there is an exception in the enacting clause of a statute, the plaintiff suing under it must show that the defendant is not within the exception; but if there be an exception in a subsequent clause, that is matter of defense, and the other party must show it, to exempt himself from the pen-

alty." See also Gould's Plead. 179. This count fails to nega-tive the fact that the colts might have been killed at a crossing of a public road, or in the limits of a town, city, or village. And if they were so killed, the defendant is not liable under the statute; and to have shown its liability, it should have specifi-cally averred that they were not killed in the excepted places, as this exception is within the enacting clause of this statute. There is no averment of negligence on the part of the company, or of its officers, agents, or servants, and was therefore clearly bad, and the demurrer being to each count, should have been sustained to this one.

The second count refers to this statute, but is more general, and alleges that the colts were killed by the mere negligence and carelessness of the agents and servants of the defendants in op-erating their engines and cars, on their railroad. In an action on the case, it is not necessary to aver gross negligence, but only to aver that the act was negligently and carelessly performed; see 1 Chit. Pl. 80. And when the right of recovery depends upon the degree, as for willful or gross negligence, it is a matter of proof and not of pleading. The allegations in this count, that the defendants had failed to fence their road, may be treated as surplusage, and the plaintiff has still shown a cause of recovery. But the court below erred in overruling the demurrer to the first count, and for that reason the judgment of that court should be reversed and the cause remanded.

*Judgment reversed.*