## JAMES B. WOOSTER *vs.* ISAIAH GLOVER.

Questions relating to the sufficiency of the declaration, to the proper parties to a suit, and to the service of the writ, are not ordinarily proper matters to be considered on a petition for a new trial.

Where the petition contained no averment in respect to such matters, and it did not appear that they in any way conduced to the judgment against the petitioner, the court refused to revise the action of the court below upon them.

A new trial will not be granted where it appears that substantial justice has been done, and that the result of a new trial would not probably be different.

Evidence by the respondent that substantial justice has been done is admissible in a petition for a new trial.

A new trial will not be granted on the ground of excessive damages, unless it appears that they are so excessive as to do substantial injustice.

An amendment of the record after a cause has gone into judgment, upon the application of one of the parties, ought not to be made without notice to the other party. But where an amendment was so made, and it appeared that it corresponded to the facts, and that justice required it, the court refused, upon a petition for that purpose, to restore the record to its original condition.

PETITION for a new trial, brought to the City Court of the city of New Haven. The petition was dismissed by the court, and the petitioner filed a motion in error and also moved for a new trial. The principles of law decided by the court will be sufficiently understood without a statement of the facts of the case.

*Cothren,* in support of the motion.

*Rogers,* contra.

CARPENTER, J. The petitioner was defendant in an action at law brought against him by the respondent, before the City Court for the city of New Haven. Judgment was rendered against him by default. He then brought to that court a petition for a new trial, and that being denied, he moves for a new trial upon that petition, and files also a motion in error. The case was submitted on briefs, and, as presented, seems to confound all distinctions between petitions for a new trial and proceedings based thereon, and motions for a new trial or motions in error in the original suit. We deem it

proper to say that all questions relating to the sufficiency of the declaration in the original suit, to the service of the writ, and to the proper parties to that suit, were not properly and regularly before the city court upon the petition for a new trial, inasmuch as there is no allegation in the petition respecting them, and it does not appear that they in any way conduced to the default and the rendition of the judgment against the petitioner. We have not therefore considered them. Ordinarily, if a party has any remedy in respect to such claims, no argument is required to show that a petition for a new trial is not the proper one.

In respect to that petition, the court below has found that the petitioner made default of appearance in the action at law, without negligence, either in himself or his attorney. But he must go further, and show that injustice has been done him, and that justice requires that he should have a new trial. In this he fails, for it is expressly found " that substantial justice had been done, and that the result of a new trial would not probably be different." In view of this finding the court below exercised its discretion in refusing a new trial. If it is proper for us to review the exercise of that discretion at all, we have no disposition to interfere in the present case; as we are satisfied with the result to which the court came.

A question is made whether the court properly admitted evidence offered by the respondent to rebut the claim of the petitioner that he had a good defense, and to show that substantial justice had been done. The petitioner averred in his petition that the judgment against him was unjust, and that if a new trial was awarded him he believed he could satisfy the court that judgment should be rendered in his favor. These averments are matters of substance, and must be substantially proved. The evidence objected to tended directly to disprove them, and was properly admitted.

The court sustained the claim of the respondent, " that even if the court should be of the opinion that the amount of said damage was greater than should have been awarded, a new trial should not be granted on the ground of excessive

Wooster *v.* Glover.

damages, as the original judgment was for the sum of only fifty dollars." Construing this in connection with the finding that substantial justice has been done, we think it is manifest that the court did not consider the damages so excessive as to amount to injustice. If so, a new trial for that reason was properly refused.

There is no error and a new trial must be denied.

It seems that after the judgment of the court in the principal petition, and after copies of the record had been transmitted to this court, it was discovered that the return on the writ in the original cause, which was served by the sheriff of New Haven County, was not signed by him as deputy sheriff for Litchfield County, where the writ was served. Upon application of the respondent's counsel, without notice to the petitioner or his counsel, the court permitted the sheriff to amend his return, and caused the copies in this court to be corrected so as to correspond. The supplemental petition prays that the record may be restored to its original condition, which prayer was denied. That proceeding also is brought here for revision by motion in error.

We do not wish to be understood as sanctioning the mode in which the amendment was made. Notice should have been given to the adverse party or his counsel. But the facts stated in this petition show clearly that the original return was a mistake, that the return as amended strictly conformed to the facts, and that justice required that the amendment should be made. Restoring the record therefore would have been unjust, and we cannot see that it would have subserved any good purpose; especially as the amendment in no way affected the merits of the petition for a new trial.

There is no error in this judgment.

In this opinion the other judges concurred.