## Toledo, Peoria and Warsaw Railway Co.

*v.*

### Terrence Lavery.

1. RAILROADS—*failure to fence track.* Where a railroad company fails to fence its track, as required by the statute, it must see that its servants so conduct its trains that injury shall not result to stock that may get upon its track, if it can be avoided by care and caution. In failing to fence, it takes the hazard, and when injury results therefrom, it must be required to respond in damages.

2. STATUTORY ACTIONS—*rule as to negativing exceptions in the statute.* Where a plaintiff relies upon a statute for a recovery, he need only to negative the exceptions in the enacting clause, and it is for the defendant to show, by way of defense, that the case falls within an exception in some other clause of the statute.

APPEAL from the Circuit Court of McDonough county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

Messrs. INGERSOLL, PUTERBAUGH BROS. & McCUNE, for the appellant.

Mr. E. E. CHESNEY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The evidence shows that appellant's engine killed and injured the cattle; that the road had been in operation about five years, and that the company had not fenced it; that there was no fence on the south side of the track, where the

cattle got upon the road.   The evidence negatives all of the exceptions in the enacting clause of the statute.   But appellant insists that appellee was guilty of negligence, inasmuch as his son, who was herding the cattle, had gone into the house a short time before the accident.   He, on hearing the approach of the train, ran out and drove the cattle from the track, but those injured and killed ran on it again.   It was the duty of the company to fence its track, and had it done so, we may safely infer that the cattle would not have been injured.   Appellee, so far as this record discloses, had a right to permit his cattle to run at large, nor was it his duty to herd them, or to have any one to keep them from getting upon the track.

But it is said that appellee did not negative the exceptions in the second section of the act, by showing that he had not agreed to fence the track, or that he had not received pay for doing so, when the right of way was acquired.   The rule is, that a plaintiff relying on the statute for a recovery, need only to negative exceptions in the enacting clause, and it is for the defendant to show, by way of defense, that the case falls within an exception in some other clause of the statute. 1 Chitty's Plead. 223 ; *Chicago, Burlington and Quincy Railroad* v. *Carter*, 20 Ill. 390.   It, then, devolved upon appellant to show that appellee had received a sum of money to make and keep up the fence, or had so contracted, as these exceptions are found in the second section of the act, and are not in the first.   The evidence is entirely sufficient to show that it was the duty of appellant to fence, and it had not, and that the damage was occasioned thereby.

The evidence clearly shows that this was a proceeding under the statute, and not at common law, and it is fully sustained by the evidence.   But the jury were warranted in inferring that there was negligence in not stopping the train after the engine-driver sounded the whistle and partially checked the speed of the train, as he might have stopped, as we infer.   When it appears, as in this case, the company has

failed to fence, it must see that its servants so conduct its trains that injury shall not result to stock that may get upon its track, if it can be avoided by care and caution. In failing to fence, it takes the hazard, and when injury results therefrom, it must be required to respond in damages.

The judgment of the court below is affirmed.

*Judgment affirmed.*