ENOS M. GRAY *vs.* GEORGE FANNING.

Second Judicial District, Norwich, May Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The setting aside of a verdict because of excessive damages is necessarily so largely a matter of discretion with the trial court, that its action will be reversed only in cases in which this power has been unreasonably exercised.

Upon a complaint procured by the defendant the plaintiff was tried for cutting standing wood and timber upon his own land, while mortgaged, with intent to defraud the mortgagee, and was acquitted. He was not arrested or put under bonds, and his total pecuniary loss by reason of the accusation did not exceed $25. *Held* that damages to the amount of $1,000 awarded him in an action of malicious prosecution, were manifestly excessive and unreasonable, if re-

garded as compensatory merely; and even if they could be considered punitive, that there was nothing in the record to indicate error upon the part of the trial court in setting aside the verdict.

Argued May 31st—decided July 13th, 1900.

ACTION to recover damages for malicious prosecution, brought to the Superior Court in New London County and tried to the jury before *Thayer, J.;* verdict for the plaintiff for $1,000 damages, which the trial court, upon motion of the defendant, set aside as unreasonable and excessive, and the plaintiff appealed for alleged error of the court in so doing. *No error.*

*Donald G. Perkins,* for the appellant (plaintiff).

*Jeremiah J. Desmond,* for the appellee (defendant).

TORRANCE, J. The jury in this case rendered a verdict in favor of the plaintiff for $1,000 damages. The defendant in due time made a motion that the verdict be set aside on two grounds : first, that it was against the evidence, and second, that the damages were excessive. The court granted the motion on the second ground, and set the verdict aside.

In granting defendant's motion upon the second ground alone, and not upon the first, the fair inference is, as claimed by the plaintiff, that the trial court was satisfied that that part of the verdict which finds the issues for the plaintiff was not against the weight of the evidence; so that the controlling question upon this appeal is whether the trial court erred in holding that the damages assessed were so excessive as to justify it in setting aside the verdict.

The principles to be applied by this court in determining a question of this kind are stated very fully in the case of *Loomis* v. *Perkins,* 70 Conn. 444, and need not be restated here.

The record shows, among other things, that on the 9th of January, 1899, the defendant caused to be issued against the plaintiff a grand juror's complaint, together with a warrant for his arrest, founded on said complaint, both duly

signed by competent authority.   The complaint charged him with violating § 1445 of the General Statutes of this State, in cutting, upon his own land while it was mortgaged, standing wood and timber, with intent to defraud the owner of said mortgage and to lessen the value of the mortgaged premises.

Upon this complaint and warrant the plaintiff was neither taken into custody, nor was he put under bonds for his appearance at the time and place of trial; he was merely notified to appear for trial at a certain time and place in the town where he resided.   On the 20th of January, 1899, he appeared for trial, and was tried and acquitted.   His total pecuniary loss caused by, or arising in any way out of this prosecution and trial, including full conpensation for his time spent in the matter, did not exceed $25.

Upon a careful examination of the entire evidence there appears to be nothing that would or should have necessarily led any reasonable jury to give punitive damages in this case; and certainly there is nothing in the record to indicate that the jury in this case included, or intended to include, such damages in their verdict, or to show that they intended to give other than compensatory damages.   Regarded as compensatory merely, the damages given in this case are manifestly excessive and unreasonable; and even if the verdict can be regarded as including punitive damages, looking at the entire record, and applying to the questions involved the principles stated in *Loomis* v. *Perkins*, *supra*, we cannot say that the trial court erred in holding that the damages were so unreasonable and excessive as to justify it in setting aside the verdict.   In such a matter a large discretion is of necessity vested in the trial court, and only in cases where that discretion is unreasonably exercised ought the action of the trial court to be set aside.   In this case the record does not show that the discretion vested in the trial court has been unreasonably exercised.

There is no error.

In this opinion the other judges concurred.