EUNICE H. ALLEN *vs.* THE CITY OF NEW LONDON.

Second Judicial District, Norwich, April Term, 1912.
PRENTICE, THAYER, RORABACK, WHEELER AND HOLCOMB, Js.

Where a verdict is excessive, the court may order it set aside unless a
   *remittitur* is filed.
In setting aside verdicts a large discretion is vested in the trial court,
   and its action will be reversed only when that discretion is un-
   reasonably exercised.
The action of the trial court in the present case in ruling that a verdict
   for $2,750, in an action for personal injuries, should be set aside
   unless reduced by *remittitur* to $900, was sustained under the
   circumstances disclosed in the record.

Argued May 9th—decided July 19th, 1912.

ACTION to recover damages for personal injuries
alleged to have been caused by the negligence of the de-
fendant, brought to the Superior Court in New London
County and tried to the jury before *Ralph Wheeler, J.;*
verdict for the plaintiff for $2,750, which the trial court,
on motion of the defendant, ordered set aside unless
the plaintiff would remit so much thereof as exceeded
$900, from which ruling the plaintiff appealed. *No error.*

*George Curtis Morgan* and *Charles V. James*, with
whom was *Charles F. Thayer*, for the appellant (plaintiff).

*William J. Brennan*, for the appellee (defendant).

PRENTICE, J.   The plaintiff seeks compensation for
personal injuries alleged to have been occasioned by a
fall upon a sidewalk in the defendant city, claimed
to have been in an unsafe and defective condition by
reason of ice thereon, which condition it is averred was
due to the defendant's negligence.   The parties were at
issue upon this averment of negligence.   Upon the
return of a verdict for $2,750, the defendant moved to

set it aside as being contrary to the evidence and excessive. The court thereupon filed its memorandum stating that unless a *remittitur* of so much of the verdict as was in excess of $900 was filed within a time specified, it would be set aside. No *remittitur* having been filed within the time so fixed, the motion to set aside the verdict was granted.

The memorandum of the court indicates that its reason for its action was that the verdict was excessive. Had it been the opinion of the court that the issues were found in favor of the plaintiff against the evidence, it certainly would not have signified its approval of a reduced judgment. *Gray* v. *Fanning*, 73 Conn. 115, 116, 46 Atl. 831.

No question is made, or could properly have been made, as to the regularity in the matter of procedure of the court's action in conditioning the setting aside of the verdict upon a failure to file a *remittitur*. *Noxon* v. *Remington*, 78 Conn. 296, 300, 61 Atl. 963. No *remittitur* having been filed, the question presented is whether or not there was error in setting aside as excessive the verdict as rendered.

The rule to be applied by us in appeals from the action of a trial court in setting aside a verdict as excessive, and its practical result, is well stated by the late CHIEF JUSTICE TORRANCE as follows: "In such a matter a large discretion is of necessity vested in the trial court, and only in cases where that discretion is unreasonably exercised ought the action of the trial court to be set aside." *Gray* v. *Fanning*, 73 Conn. 115, 117, 46 Atl. 831.

Our examination of the evidence in this case fails to disclose that the court below unreasonably exercised the discretion vested in it.

There is no error.

In this opinion the other judges concurred.