THE HOLCOMB COMPANY *vs.* JOHN C. CLARK ET UX.

Third Judicial District, Bridgeport, October Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

It is within the province of the trial court to grant a motion to set aside
the verdict, unless a specified amount thereof is remitted, and upon
its remission to render judgment upon the verdict as thus reduced.

The plaintiff, a garage company, sought to recover an alleged balance
of $291 for work done and materials furnished in renovating the
defendants' electric automobile, including the instalment of new
batteries, and for the care of the car thereafter at its garage, includ-
ing the frequent recharging of the batteries. The defendants ad-
mitted the correctness of certain charges amounting to $100, and
also all the payments credited to them in the plaintiff's bill of par-
ticulars, but denied the other charges; they also filed a counter-
claim for $700 damages for breach of the plaintiff's guaranty re-
specting the new batteries, and for its negligence in recharging
them and in otherwise looking after the car while in its care. The
defendants had a verdict for $264, which the trial court directed
to be set aside unless a *remittitur* of $100 was filed, and upon its
filing rendered judgment for the defendants for $164. The plaintiff
contended that this result could not have been reached without
including in the verdict some or all of the payments made by the
defendants, for none of which did they ask any recovery in their
counterclaim. *Held:*—

1. That it was clear upon the record that the claim of the plaintiff was
allowed, at least to the extent of the payments made, and that
there was no foundation for its present contention.

2. That there was no legal connection between the plaintiff's claim for
services rendered and materials furnished, and defendants' claim
for breaches of contract; and therefore a payment made by the
defendants in excess of what they might have then been obliged to
pay to the plaintiff, had all claims now raised been then considered
and adjusted, would not estop them from recovering now upon
their independent cause of action; though the fact of such pay-
ment, under the circumstances assumed, would have an evidential
bearing upon the substantial and bona fide character of the de-
fendants' present claim, provided the real situation at the time of
such payment was then known to them.

3. That the general form of the verdict did not indicate that the jury
neglected to pass upon all claims of the parties; nor was there any
basis in the record for the plaintiff's assertion that the trial court
"undertook to assume" that the jury found all the defendants'
claims to be justified.

Holcomb Co. *v.* Clark.

4. That the alleged exclusion from the jury's computation of a sum due the plaintiff which was larger than the amount of the verdict obtained by the defendants, was without any apparent support from the record; and that any error made by the jury in excluding from their consideration any smaller sum due the plaintiff could be readily cured by the trial court by causing the reduction of the defendants' verdict to the proper figure.

5. That no error was committed in refusing to set aside the verdict entirely.

A claim not made in the court below cannot be taken advantage of in this court.

It is the duty of the trial court in passing upon a motion to set aside a verdict as against the evidence, to review the testimony in order to discover what the jury might or might not reasonably have found in respect to the several matters involved in the issues.

The order of proof is a matter within the discretion of the trial court.

Evidence was admitted that the repairs made by the plaintiff were improperly done, and had to be done over at the defendants' expense. *Held* that this ruling was clearly correct; and that an expert might give his opinion as to the cost of such repairs.

Argued October 22d—decided December 19th, 1912.

ACTION to recover compensation for storing, caring for, and repairing the defendants' automobile, brought to the Court of Common Pleas in New Haven County where the defendants filed a counterclaim and the cause was tried to the jury before *Simpson, J.;* verdict for the defendants to recover $264.51, which the trial court ordered to be set aside unless the defendants filed a *remittitur* of $100, and upon their remission of that amount rendered judgment in their favor for $164.51, from which the plaintiff appealed. *No error.*

In the early spring of 1910 the plaintiff, a keeper of a public garage, and the defendants, owners of an electric automobile, entered into an agreement whereby the former undertook to repaint and refurnish the automobile, and to supply and install therein new batteries capable of a prescribed mileage, for the sum of $250, and to store and care for it, to keep its batteries charged as required for use, and to deliver and call for

Holcomb Co. *v.* Clark.

it at the defendants' house when requested, for the further sum of $30 per month. The plaintiff seeks to recover a balance of $291.73, claimed to be due for services rendered and supplies furnished under this contract from the time it was made to the early part of November. The charges upon the bill of particulars amount to $498.23; the credits to $188.60.

The defendants in their answer admit the correctness of certain of the charges, amounting to $100.45, and the credits, but deny the propriety of the remaining charges. They also set up by way of counterclaim that the batteries installed did not comply with the guaranty, that the care given to the car after its renovation was so careless and negligent, and the lack of attention in its care and the recharging of its batteries such, that it became greatly damaged, its parts, paint and batteries greatly injured and it rendered unfit for use, so that by reason of these results of the plaintiff's careless and negligent conduct they were compelled to and did expend large sums, amounting to $600, in repair work to put and keep the automobile in proper condition for use, and to correct the errors and shortcomings of the plaintiff in respect to that which it had undertaken to do, and the further sum of $100 for other conveyances in place of it when it was unfit for use.

The jury returned a verdict in favor of the defendants for $264.51. Upon the plaintiff's motion to set it aside the court entered its order that it be set aside unless the defendants filed a *remittitur* of $100. Such *remittitur* was thereupon filed, and judgment entered for $164.51.

*Henry G. Newton* and *Ward Church*, for the appellant (plaintiff).

*Robert C. Stoddard*, for the appellees (defendants).

PRENTICE, J. The plaintiff complains of the refusal of the trial court to set aside the verdict, and its rendition of judgment thereon after a *remittitur* of $100 had been filed. Several reasons are assigned in support of this position, to wit: (1) That the court, in allowing the verdict to stand provided a *remittitur* of $100 was filed, assumed the province of the jury; (2) that there was no possible way in which the sum of $164 could have been arrived at without reckoning a return of sums which had been paid, no claim for which was made in the counterclaim; (3) that "the court undertook to assume that the jury found all the claims of the defendants to be justified; whereas their general verdict shows that they did not pass or agree upon any particular claims"; and (4) that a verdict for the amount of the judgment would not have been justified by the evidence.

That the court acted within its province in granting the motion to set aside the verdict unless a *remittitur* should be filed, and in entering up judgment upon the amount of the verdict less the portion of it remitted, is well settled. *Allen* v. *New London,* 85 Conn. 611, 612, 83 Atl. 1021; *Noxon* v. *Remington,* 78 Conn. 296, 300, 61 Atl. 963.

The second of the claims stated above is not tenable. The defendants were not seeking the return of any payment they had made, and there is not the slightest indication in the record either that the jury in their original verdict undertook to make, or that the court in its judgment made, any such return. The total amount of the defendants' payments, a matter upon which there was no dispute, was $188.60. The record makes it quite inconceivable that the plaintiff's claim for services rendered and supplies furnished, amounting to $398.23, was not allowed to the extent of the payments. It is evident that the plaintiff prevailed upon its cause of action set up in the complaint,

and that but for the counterclaim it would have had a judgment.    The judgment for the defendants necessarily implies a recovery by them upon the independent cause of action for breaches of contract obligation which they set up in their counterclaim. It would be quite unwarranted for us to assume that it was brought about in any other way, and there is nothing in the record to suggest that it was.   The evidence which they offered in support of their claim for damage suffered was such that it is not difficult to discover therein a reasonable basis for a recovery upon the counterclaim of more than the amount of the judgment.

The plaintiff, however, appears to conceive that a recovery of damages by the defendants for a period prior to a payment by them upon the plaintiff's account could not be had under the counterclaim, if at the time of such payment an adjudication of the claims of the parties against each other, whether embraced under the complaint or the counterclaim, would show that nothing, or a less sum than the payment, was then due, and this idea apparently lies at the foundation of its contention as to the return of payments.   This theory implies a connection between the plaintiff's claim for services rendered and supplies furnished, and the defendants' claim for breaches of contract, which does not exist.   The two have it in common that they relate to the same subject-matter and gather about one general transaction, but they furnish bases for entirely independent actions.   Hence they appear in complaint and counterclaim.   A payment upon account of one does not preclude recovery upon the other.   Doubtless a payment made by the defendants in excess of what they would at the time have been obligated to pay upon an adjustment of the respective claims of the parties, as now made, would be a pertinent fact as bearing upon the substantial and bona fide character

of a present claim on their part for damages arising prior to the time of such payment, in so far as the situation at that time was known to them. But such fact would be evidential only, and not conclusive, and it would not create an estoppel. Had such a claim been made at the trial, it would, without doubt, have received appropriate treatment at the hands of the court. It was not made, and it is now too late for the plaintiff to take advantage of it.

We must confess ourselves unable to appreciate the force of the next claim, that the court in its action "undertook to assume that the jury found all the claims of the defendants to be justified; whereas their general verdict shows that they did not pass or agree upon any particular claims." Perhaps we fail to understand what was attempted to be expressed. The verdict was in the customary form of a finding of the ultimate sum due. Although in that form, it does not show that the jury did not pass upon each and every claim of the parties and adjudicate thereon, and there is nothing in the record to indicate that it did not act in consonance with its duty in that respect in arriving at the final result announced. We have, moreover, looked in vain for authority for the statement embodied in the assignment that the court undertook to assume that the jury found all of the claims of the defendants to be well founded, and none has been pointed out to us. It may be that an examination of the evidence led to that conclusion. But whether so or not, the court's duty in passing upon the motion was to review the testimony to discover what the jury might or might not reasonably have found in respect to the several matters involved in the issues, and there is no basis for an assertion that it acted otherwise, and predicated its conclusion upon an assumption of any sort.

The brief of appellant's counsel says that it appealed

for the reason, among others, "that if the verdict was too large, it was because some sum justly due the plaintiff must have been omitted from the computation made by the jury, and an error of this kind could not be cured by the court reducing the verdict to an amount which included items which the jury might or might not have allowed, and left it mathematically possible for the jury to have applied the correct [incorrect?] rule." Here, apparently, is an attempt to state what was meant by the assignment under discussion. If the statement which forms the premise of this proposition be assumed, the conclusion certainly would not follow that the error could not be fully and adequately corrected by a reduction of the verdict, unless the omitted item was larger than the verdict which the defendants obtained. The difficulty with the position taken is that the exclusion of such an item by the jury from their computation is by no means apparent.

The last reason is one which calls for a review of the evidence. Giving the court's decision the weight to which it is entitled, we are unprepared to say that there was error in the action which the court took in refusing to set aside the entire verdict.

The remaining assignments of error involve three rulings admitting testimony offered by the defendants. One concerned the order of proof upon a trifling matter, and so was within the discretion of the court. Another, which permitted the defendants to show that repairs done by the plaintiff were improperly done and had to be done over at the defendants' expense, was clearly correct. The third admitted the testimony of an expert as to the cost of repainting the automobile and renewing certain woodwork and trimming, all of which work it was claimed was rendered necessary by reason of the plaintiff's negligent treatment of it. The judgment of the witness was competent upon the subject,

and whether or not the work upon which the estimate given was based was required or properly chargeable to the plaintiff, were questions for the jury.

There is no error.

In this opinion the other judges concurred.