HARRY BELSKY *vs.* JOHN P. SHERONAS.

Third Judicial District, New Haven, January Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and WOLFE, Js.

Unless it clearly appears that a judgment for damages in an action for personal injuries is more than compensatory, this court cannot modify it, even though it may not entirely accord with our own view of what the damages should have been.

The trial court is necessarily vested with a large discretion in such cases, and its award must stand unless the amount appears to be so unreasonable as to work an injustice. ·

Argued January 19th—decided January 26th, 1921.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to and tried by the Superior Court in New Haven County, *Burpee, J.;* facts found and judgment rendered for the plaintiff for $6,000, and appeal by the defendant upon the ground that the damages awarded were excessive.   *No error.*

*Robert J. Woodruff,* with whom was *Joseph Shelnitz,* for the appellant (defendant).

*Herman J. Weismann,* for the appellee (plaintiff).

PER CURIAM.    Two questions are pursued in the brief of appellant.    First, the claimed error of the court in concluding that the plaintiff had suffered a perma-

nent injury.. The evidence amply supports this conclusion. No question is raised upon this appeal as to whether the complaint alleges a permanent injury, or as to the right of the court to include this element of injury among those for which it gave judgment, and we have no occasion to consider these questions.

The judgment is a large one in view of the injuries suffered, but some of the elements of damage, such as pain and physical discomfort, and the extent of the physical injury, and its effect upon the plaintiff's continuing earning power, are very largely matters of estimate dependent upon individual judgment.

Unless it clearly appears that the judgment in an action of this character is more than compensatory, we cannot modify it, even though it may not entirely accord with our judgment of what the damages should have been assessed at.

We cannot set aside a judgment upon the ground that the damages are excessive, unless it clearly appears that the trial court unreasonably exercised the large discretion necessarily vested in it in the assessment of damages for personal injuries, and awarded damages which were so excessive as to be unreasonable and to amount to an injustice. *Gray* v. *Fanning*, 73 Conn. 115, 117, 46 Atl. 831; *Wooster* v. *Glover*, 37 Conn. 315.

There is no error.