HARRY GOLDBERG *vs.* JAMES McC. MERTZ.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued October 7th—decided November 3d, 1937.

*Samuel H. Platcow,* with whom was *William J. Carrig,* for the appellant (defendant).

*Louis Boyarski,* for the appellee (plaintiff).

MALTBIE, C. J. The only ground of error claimed in this appeal from a judgment for the plaintiff, in an action for damages resulting from an automobile collision, is that the amount of the judgment is excessive. The plaintiff, who was about thirty years of age, was thrown from the car he was operating to the pavement

and suffered severe lacerations about his head, face and hands, a considerable shock, and the pain consequent upon his injuries and their treatment. He was confined to the hospital for two weeks and thereafter, except for brief trips to see his doctor, for eight weeks to the house where he was staying. For about two months longer he was unable fully to attend to his business, a junk and furniture business, which he had conducted without assistance except that his wife had helped him to some extent. His store was closed for a period of about three months. The lacerations he suffered have caused permanent scars, which, except one to the scalp which is covered by hair, are clearly visible in ordinary daylight and have detrimentally altered his appearance. One of these scars may be somewhat remedied by an operation of plastic surgery. His special damages amounted to about $1000. The trial court awarded him $4000.

The facts stated are taken from the finding. The defendant sought numerous additions to it, of which some are immaterial and others state facts clearly evidential. Most of the corrections sought have to do with the character of the scars left by the wounds to the plaintiff's face and their effect upon his personal appearance. As the plaintiff was before the court, its findings in this regard are no doubt based largely upon its own observation and even though they do not accord with the testimony of the witnesses we cannot correct them. *Kuczon* v. *Tomkievicz,* 100 Conn. 560, 573, 124 Atl. 226. No addition to the finding could be made which would materially affect the conclusion of the trial court. The defendant also attacks the finding made in certain respects. We cannot find error in the action of the trial court in accepting the testimony of the plaintiff that the average

net return from his business amounted to $40 a week; the fact that he kept no books of account and conducted solely a cash business were merely considerations going to the weight of that testimony, and were no doubt regarded by the trial court. *Sizer* v. *Waterbury,* 113 Conn. 145, 151, 154 Atl. 639. The other portions of the finding attacked have reasonable support in the testimony except in one respect; by inadvertence the trial court found that the operation of plastic surgery would incapacitate the plaintiff for a period of six to eight weeks, but the testimony which it had in mind concerned another suggested operation; however it made no allowance for special damages due to this incapacity and we cannot regard this error as materially affecting the result.

Aside from the special damages allowed, the court awarded the plaintiff about $3000 for the injuries suffered and the permanent effect of the scars upon his appearance. We could not find error in the amount of this award except upon the basis that the conclusion was one which the trial court could not reasonably reach. *Belsky* v. *Sheronas,* 95 Conn. 693, 694, 112 Atl. 268; *Horsfall* v. *Foley,* 111 Conn. 722, 723, 150 Atl. 64. The award having been made by the court, there is not the same need, as there would be in a case tried to the jury, to scrutinize it to see if it might reasonably be considered to have been the result of emotion rather than sound judgment. The observation which the court had an opportunity to make of the plaintiff and particularly the effect of the scars no doubt weighed largely with it, and the result of that observation we have no means of reviewing. Nor can much help be had from decisions in other cases involving the amount of damages awarded, because the circumstances of these vary so largely. On the

whole the trial court could reasonably have arrived at the result it did.

There is no error.

In this opinion the other judges concurred.