ANNA SADONIS *v.* WILLIAM G. GOVAN.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 6—decided April 4, 1946.

*Ernest McCormick,* for the appellant (defendant).

*Robert G. Menasian,* with whom was *Harold Borden,* for the appellee (plaintiff).

PER CURIAM. This is an action to recover for personal injuries sustained by the plaintiff, a tenant in the defendant's two-family house at 120 Retreat Avenue, Hartford, in consequence of a fall on September 25, 1944, on a defective flight of outside steps. The court gave judgment for the plaintiff to recover $1750 and the defendant has appealed. The defendant's liability for negligence is conceded and the sole question upon this appeal is whether the award made by the court was excessive.

These material facts are established by the finding, which is not subject to correction: As a result of her fall, the plaintiff sustained a severe lumbar sacroiliac strain of the back, contusion and acute synovitis of the right knee, and contusion and abrasion of the left leg. By reason of these injuries she suffered pain and discomfort until January 30, 1945, the date of the trial, and will continue to suffer in diminishing degree for a further period. Treatment of the injured parts consisted of strapping the back and knee and of physiotherapy and medication on eighteen different occasions up to the time of trial. The plaintiff was totally disabled from performing her usual duties as a housewife for six weeks, and was partially disabled for a further period of eight weeks. At the time of trial she still had some limitation of motion and pain upon motion of the knee and back, and the condition of each was such as to require the wearing of an elastic or other support. With proper care and rest she should have been entirely recovered about two months after January 30, 1945. The reasonable cost of medical services and treatment and of a support for her back amounted to $156. While the trial court in its memorandum of decision mentioned loss of time from employment as an element to be considered in estimating the damages, it did not include that element in the finding. We must assume

that it ultimately concluded that the evidence did not support a recovery of damages on this ground, but that, nevertheless, the amount awarded was just compensation for the other elements of damage. Where in such a situation there is a conflict between the memorandum of decision and the finding, the latter controls. Practice Book, § 361; *Zitkov* v. *Gorsky,* 106 Conn. 287, 289, 137 Atl. 751.

Upon the facts found the award made of approximately $1600 for pain, suffering and disability would appear to be a very liberal allowance, particularly since no permanent injury was involved. However, it is difficult to measure pain and suffering in terms of money and the award must stand unless "it was so excessive as to be one that the trial court could not reasonably make." *Squires* v. *Reynolds,* 125 Conn. 366, 369, 5 Atl. (2d) 877. We cannot set it aside as excessive "unless it clearly appears that the trial court unreasonably exercised the large discretion necessarily vested in it in the assessment of damages for personal injuries, and awarded damages which were so excessive as to be unreasonable and to amount to an injustice. *Gray* v. *Fanning,* 73 Conn. 115, 117, 46 Atl. 831; *Wooster* v. *Glover,* 37 Conn. 315." *Belsky* v. *Sheronas,* 95 Conn. 693, 694, 112 Atl. 268. "The amount awarded in each case must depend largely upon the judgment of the trier, which will not be interfered with on appeal unless it plainly appears from the subordinate facts that the damages are excessive." *Samaha* v. *Mauro,* 104 Conn. 300, 302, 132 Atl. 455. Damages in personal injury cases cannot be computed mathematically, nor does the law furnish any precise, definite rule for their assessment. *Szivos* v. *Leonard,* 113 Conn. 522, 525, 155 Atl. 637. "The award having been made by the court, there is not the same need, as there would be in a case tried to the jury, to scrutinize it to see if it

might reasonably be considered to have been the result of emotion rather than sound judgment." *Goldberg* v. *Mertz*, 123 Conn. 308, 310, 194 Atl. 721. See also Conn. App. Proc., p. 129. Applying these principles, we cannot hold that the judgment appealed from should be disturbed.

There is no error.