[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The present cases arises from an alleged assault involving the plaintiff, Sally Ney Foran, and the defendants, The Hillside Restaurant, Michael T. Duva, Jr. and Ernest Swain. The complaint alleges that on March 6, 1996 at about 9:30 p.m., the plaintiff and the defendant Swain were patrons at the Hillside Restaurant, Inc. at 181 Willow Street in Waterbury, Connecticut.[1]
The complaint alleges that as the plaintiff walked into the restaurant, Swain punched her on the right side of the face. The complaint alleges that as a result of being punched in the physician diagnosed the plaintiff with a "right mandible contusion." (Plaintiff's Exhibit A p. 2.)
The plaintiff returned to the Waterbury Hospital Health Center on March 12, 1996. The emergency room report indicates that "[s]he has had some nausea and vomiting the last couple of days with the headache, and she said today it feels like it is turning into a migraine headache, but that is not the type of headache she has had over the last several days." (Plaintiff's Exhibit B.) The report indicates the physician performed a CAT scan, and reviewed X-rays performed on her previous visit. Id. The plaintiff was discharged in a stable condition and the physician's diagnosis indicated "[b]lunt trauma to [the] head along with persistent pain and headache." (Plaintiff's Exhibit B.) The plaintiff testified the although the pain has decreased, she continues to experience some pain and discomfort The plaintiff's hospital bills total $1,263.76.
"An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other . . . or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." Altieri v. Colasso, 168 Conn. 329, 334 n. 3, 362 A.2d 798
(1975)." An actionable assault and battery may be one committed willfully or voluntarily, and therefore intentionally, or one done under circumstances showing a reckless disregard of consequences; it may also be one committed negligently." Krause v. Bridgeport Hospital, 169 Conn. 1,8, 362 A.2d 802 (1975)
In this case, the credible evidence presented at trial demonstrates CT Page 9295 that the defendant, Ernest Swain, intentionally struck the plaintiff, Sally Ney Foran, in the right side of her face. As a result of this harmful and offensive contact, the plaintiff sustained personal injuries and continuing pain and suffering. Accordingly, the defendant is liable to the plaintiff for intentional assault and battery.
It is axiomatic that the plaintiff who establishes tort liability is entitled to fair, just and reasonable compensation for his injuries. SeeHerb v. Kerr, 190 Conn. 136, 139, 459 A.2d 521 (1983); Hulk v. Aishberg,126 Conn. 360, 362, 11 A.2d 380 (1940). "Damages in personal injury cases cannot be computed mathematically, nor does the law furnish any precise, definite rule for their assessment." Sadonis v. Govan, 132 Conn. 668,670, 46 A.2d 895 (1946); Conaway v. Prestia, 191 Conn. 484, 494,464 A.2d 847 (1983)
The court has, and must exercise, a wide discretion in the amount of damages for personal injuries, and the amount awarded in each case depends largely on the judgment of the trier. See Johnson v. Flammia,169 Conn. 491, 500, 363 A.2d 1048 (1975) "That damages may be difficult to assess is, in itself, insufficient reason for refusing them once the right to damages has been established." Dunham v. Dunham, 217 Conn. 24,32, 584 A.2d 445 (1991) . "The fact that it is difficult to measure pain and suffering in terms of money does not prevent a recovery as long as there is a reasonable basis in the evidence for that recovery. (Citations omitted.) Leabo v. Leninski, 2 Conn. App. 715, 727, 484 A.2d 239 (1984)
In this case, the credible evidence demonstrates that the defendant intentionally struck the plaintiff in the right side of her face. As a direct and proximate result of this harmful and offensive contact the plaintiff suffered personal injuries and continuing pain and suffering. Accordingly, the court awards the plaintiff $1,263.76 in economic damages including medical expenses. The court awards the plaint $3,037 in noneconomic damages for a judgment in the amount of $4,300.76.
So Ordered.
 BY THE COURT PETER EMMETT WIESE