## HARRIET A. TRUBEE *vs.* SAMUEL C. TRUBEE.

A committee appointed in chancery to find the facts in a case, cannot receive an amendment of the petition not previously allowed by the court.

By statute adultery is made a specific ground of divorce, as is also such misconduct as destroys the happiness of the petitioner and defeats the purposes of the marriage relation. Held that, under an allegation of the latter ground of divorce, adultery could not be proved. To make proof of adultery admissible it must have been specifically charged, and as a ground of divorce.

And it does not alter the case that in specifications filed under the general charge of misconduct, notice is given that proof will be offered of certain specified acts of adultery.

Where adultery is charged as a ground of divorce, there should be such allegations as to time and place and as to the person with whom the offence was committed, as will give the respondent reasonable notice of what he was called upon to meet. The general rules of pleading apply to the case.

PETITION for a divorce; brought to the Superior Court in Fairfield County. The grounds for divorce were stated in the petition as follows:

And your petitioner shows that the said respondent, for a period of more than three years last past, has been continually guilty of intolerable cruelty towards the petitioner. And your petitioner further shows that the said respondent, for a period of more than three years last past, has been guilty of such misconduct as permanently destroys the happiness of the petitioner, and defeats the purposes of the marriage relation.

The suit was brought to the December term of the court, 1872. At the March term, 1873, the court ordered the petitioner to file specifications, and they were filed at the same term as follows:

Under the allegations in her petition, the petitioner will offer evidence to prove, and will prove—

1st. That the respondent has repeatedly beat, wrenched and kicked the petitioner, and thrown various things at her head with great force and violence, and has been repeatedly guilty of intolerable cruelty to her.

2d. That the respondent has often converted the personal

property belonging to your petitioner, and furnished her by her father, to his own use, without the consent of the petitioner and against her will, and has often compelled your petitioner to write to her father asking him for money when she did not need it herself, in order to obtain it for his own use, and has used towards your petitioner great violence to compel her to do so; that he has repeatedly made use of obscene, profane and improper language towards your petitioner; that he has been guilty of lewd and lascivious conduct with other women in the city of Brooklyn, whose names are to your petitioner unknown; also in the city of Hartford; that he has been guilty of similar conduct at Litchfield in this state, with a woman by the name of Judd; that he has been guilty of similar conduct at Bridgeport in this state; and that he has committed adultery at said Bridgeport with one Ida Smith, and also with a woman by the name of Belle, (the other name of said woman being unknown to your petitioner,) and with various other women whose names are unknown to your petitioner; and that he has repeatedly visited houses of ill fame in said city of Bridgeport, for lewd, lascivious and improper purposes.

The case was at the same term referred to a committee to find the facts, and was heard by the committee on the 5th of June, 1873, the March term of the court not then being closed, but having been adjourned over to a future day.

Upon the hearing before the committee the petitioner offered evidence of the adultery of the petitioner, under her petition and specifications, but the respondent objected to the admission of the evidence on the ground that adultery was not charged in the petition, and that proof of it was not admissible in support of the charges in the petition; and also on the ground that the specifications were insufficient as to the times when, places where, and persons with whom the adultery was committed. And on these grounds the committee rejected the evidence. The petitioner then moved to be allowed to amend her petition, and offered an amendment presenting specific charges of adultery as a ground of divorce, but the committee refused to receive the amendment.

The committee found that the respondent had not been guilty of intolerable cruelty to the petitioner, nor of such misconduct as had permanently destroyed her happiness and defeated the purposes of the marriage relation. Against the acceptance of the report the petitioner remonstrated on the ground of the rejection of the above evidence by the committee and the refusal to allow the amendments.

A supplemental petition containing specific charges of adultery as a ground of divorce was filed by the petitioner in court, on the 9th day of June, 1873, two days after the report of the committee had been filed with the clerk of the court; and at the August term, 1873, a second supplemental petition was filed charging other acts of lewdness and adultery averred not to have been known when the first supplemental bill was filed.

The case was reserved by the Superior Court for the advice of this court.

*Sanford*, for the petitioner, cited 2 Bishop on Marriage & Divorce, §§ 613, 613 *a*, 621, 624 note; *Morrell* v. *Morrell*, 1 Barb., 318, 324; *Watkyns* v. *Watkyns*, 2 Atk., 96; *Clark* v. *Periam*, id., 337.

*G. Stoddard*, contra, cited Story Eq. Pl., (Redf. ed.,) §§ 28, 328, 332, 333 note 5; 2 Bishop on Marriage & Divorce, §§ 603 to 607; *Commonwealth* v. *Snelling*, 15 Pick., 331, 333; *Adams* v. *Adams*, 16 id., 254; *Steele* v. *Steele*, 35 Conn., 48, 54.

CARPENTER, J. The two supplemental bills, as they are termed, having been filed after the trial of the cause, and after the committee had made his report, may be laid out of the case. The cause was heard by the committee in vacation. It is quite clear that he could not do otherwise than take the pleadings as they stood. He could neither allow nor disallow an amendment; and no subsequent change in the pleadings could affect the legality or propriety of his proceedings.

The petitioner alleges two grounds of divorce; intolerable cruelty, and such misconduct as permanently destroys the happiness of the petitioner and defeats the purposes of the marriage relation.  Under these general charges she files written specifications, in which she gives the respondent notice that she will offer to prove, among other things, adultery, and that he had been guilty of lewd and lascivious conduct with other women.  It appears from the remonstrance and the finding of the court that evidence tending to prove these specifications was offered, objected to by the respondent and ruled out by the committee.  The question arises under the charge of general misconduct, and resolves itself into two inquiries ; first, whether under the general clause of the statute it is competent for the petitioner to prove any matter which is in itself, under other clauses of the statute, a sufficient cause for divorce ; and secondly, whether the specifications were sufficiently definite and certain to justify the admission of the evidence.

The question will be better understood by a reference to the existing state of our law on the subject of divorce.

The statute allows divorces for eight distinct causes, which are enumerated, as follows : 1. Adultery ; 2. Fraudulent contract; 3. Willful desertion for three years with total neglect of duty ; 4. Seven years' absence not heard of; 5. Habitual intemperance ; 6. Intolerable cruelty ; 7. Sentence to imprisonment for life ; 8. Bestiality, or other infamous crime involving a violation of conjugal duty, and punishable by imprisonment in the state prison; and 9. Any such misconduct as permanently destroys the happiness of the petitioner, and defeats the purposes of the marriage relation.

This last clause was first enacted in 1849, when the Superior Court was vested with exclusive jurisdiction of all petitions for divorce, the design being to transfer the consideration of all such questions from the legislature to the court. In respect to petitions founded on any of the specified causes, the transfer of jurisdiction could be easily made ; but causes might exist which, in the judgment of the legislature, might entitle the party to a divorce, and which were not in-

cluded in any one of the eight causes specifically mentioned, and which could not be classified under any other general head. To give the court the power to exercise jurisdiction and pronounce its judgment in that class of cases, as the legislature had previously done, was the object of that last clause. It was not intended, therefore, to authorize the divorcing of parties for any of the causes specifically provided for in the statute, upon any thing less than full proof of such cause. For instance, if intolerable cruelty or habitual intemperance be alleged, cruelty less than intolerable, or intemperance less than habitual, will not justify a divorce under the general misconduct clause. Nor was it intended to authorize the court by a loose and liberal construction of the statute to grant a divorce for any cause which the party might chance to allege had permanently destroyed his or her happiness and defeated the purposes of the marriage relation. But the statute clearly contemplates misconduct, differing in some respects from the causes specified, but equal in moral turpitude, or equivalent in its effects upon the marriage relation. If this is a correct view of the statute it is apparent that proof of adultery under the petition, as it stood, was properly excluded.

We are also satisfied that the specifications are so indefinite as to justify the court in excluding the evidence on that ground. In this respect the alleged acts of adultery, and of lewd and lascivious conduct not amounting to adultery, stand upon the same footing. The substance of the specification is, that the respondent had been guilty of lewd and lascivious conduct with other women whose names are unknown, in Brooklyn, Hartford and Bridgeport, and with a person named in Litchfield; also, that he had committed adultery at Bridgeport with two persons named and others whose names are unknown, and that he had repeatedly visited houses of ill-fame in Bridgeport for lewd, lascivious and improper purposes.

Mr. Bishop, in his work on Marriage and Divorce, Vol. 2, Sec. 603, lays down the rule, that in addition to alleging the act of adultery there should be accompanying words pointing

sufficiently to the time, place, person with whom the offence was committed, and the like, to meet the demands of those rules of pleading which prevail in our law as respects other matters.    That seems to be a reasonable and just rule.

In the case before us there is no allegation as to time. If the specifications should be held sufficient the petitioner might have proved any act of such misconduct at any time after the marriage and before the date of the petition, nearly six years.    As to place, three cities and one town are named; which certainly gives the petitioner a pretty wide range. How it could be expected that the respondent would be prepared to meet all that might possibly be brought up against him, in the large city of Brooklyn, and in the cities of Hartford and Bridgeport, and in the town of Litchfield, it is difficult for us to conceive.

The proof offered was confined to Bridgeport, and to a street and number, known certainly at the time of trial, and presumptively before.    Why the other cities were named, and why the name and number of the street in Bridgeport were not given, does not appear.    Whatever the design, the effect was to mislead, and to take the respondent by surprise.

The petitioner therefore did not give the respondent reasonable notice of what he was called upon to meet, and a reasonable opportunity to prepare his defense.

The Superior Court is advised to over-rule the remonstrance, accept the report of the committee, and dismiss the bill.

In this opinion the other judges concurred.