CHARLES ANDREWS *vs.* FERDINANDO ANNUNZIATO.
FRANK WARGO *vs.* FERDINANDO ANNUNZIATO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 11th—decided December 20th, 1932.

*Hugh J. Lavery,* with whom, on the brief, was *George N. Finkelstone,* for the appellant (defendant).

*David Goldstein,* with whom was *John P. Flanagan,* for the appellees (plaintiffs).

PER CURIAM. The plaintiffs in these two cases were injured in an automobile accident and recovered verdicts against the defendant, Andrews for $5848 and Wargo for $5863. The defendant moved to set the verdicts aside and has appealed from the denial of these motions. The only claim made before us is that the verdicts were excessive. In the Andrews case the jury might reasonably have found the following facts: He suffered a temporary concussion of the brain, cuts

on the head and face, and bruises and abrasions; the bones of the side of his face were broken, resulting in an inability to close his jaws properly and requiring that the back teeth should be filed off several times; he was in the hospital seventeen days; his back was sprained; he had been dizzy and nervous up to the time of the trial and his back did not at that time permit him to do as heavy work as he could before the injury, but how long these conditions are likely to continue did not appear; there are some scars upon his face and the side of it is slightly depressed; he probably will never be able entirely to close his jaws, resulting in some loss of ability to masticate food; there was no evidence of any impairment of his earning power; he suffered special damages by reason of loss in wages, the expense of medical and hospital treatment and injury to his automobile amounting to $638. In the Wargo case the jury might reasonably have found the following facts: He suffered a temporary concussion of the brain, multiple lacerations of the face, bruises and abrasions, and a temporary injury to the eye; he had a bad fracture of one arm, requiring it to be in a cast about six weeks, and the complete fracture of one knee cap, requiring that it be in a cast from ten to eleven weeks; he was in the hospital four weeks and two days; he had suffered from dizziness, headache and lack of sleep up to the time of the trial; and he has permanent injuries consisting of a ten per cent. disability of the wrist and a ten per cent. disability of one knee; there was no evidence of any impairment of earning power; his special damages for loss of wages and expense of hospital and medical treatment amounted to about $1150. We cannot escape the conviction that the jury could not upon the basis of these findings fairly and reasonably reach the verdicts which they did, but can only conclude that

they must have been swayed by bias or prejudice or that they failed properly to appreciate and apply the principles governing the award of damages in such cases. The verdicts are clearly excessive and should be set aside unless a remittitur is filed.

There is error and a new trial is ordered unless the plaintiff in each case within three weeks from the decision of these appeals enters a remittitur of $1000 of the amount of the judgment; but if such remittitur be entered the judgment shall thereupon, as to the residue, stand affirmed; the costs of this court to be taxed in either event for the appellant.