EDMUND F. DUNSTAN, JR. *v.* THE ROUND HILL DAIRY, INC.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 7—decided November 7, 1941.

*David Goldstein,* with whom, on the brief, were *Bernard S. Peck* and *Alvin W. Peck,* for the appellant (defendant).

*James Shannon,* for the appellee (plaintiff).

AVERY, J. The plaintiff, a boy twelve years of age, whose family resided in New York, on the afternoon of January 15, 1939, was riding in the rear seat of an automobile driven by his father in the town of Easton when a collision occurred with a truck operated by the defendant's servant, and the plaintiff received injuries. The case was tried to the court and it was found that the cause of the collision was the negligence of the driver of the defendant's truck. No claim of contributory negligence was made by the defendant and the court entered a judgment in favor of the plaintiff for $5825. The only question raised upon this appeal is whether or not the damages were excessive. From the finding, with such corrections as the defendant is entitled to, these facts appear: By reason of the collision, the plaintiff was thrown forward so that his face, lips, and teeth struck some hard part of the automobile. As a result, he suffered a severe contusion of his face and lips, the loss of the left central incisor and two deciduous teeth, loosening of the left lateral, right central and right lateral incisors, and a crack of the right central incisor. His lower lip was cut from the inside almost through to the outer skin. The plaintiff received emergency treatment from a physician in Easton and, on the day following, received treatment from a dentist in Brooklyn, which continued at intervals until April. The reasonable value

of this treatment was $75. A bridge replacement of the lost central incisor was necessary. The reasonable cost of such replacement in New York is $100. After a period of two or three years another bridge for the replacement of the incisor will be necessary. There is evidence that a reasonable charge for this in New York would be $500, and we cannot say this is not so. About February 1st, the plaintiff was taken to a specialist in children's diseases who saw him six or eight times and advised his parents. A reasonable charge for his services was $150. The laceration of the plaintiff's lower lip had healed by February 1st, leaving no scar externally but a scar about one-quarter of an inch long upon the inside. The tissue had at that time healed in such manner as to leave a hard lump at the place of the laceration about the size of a small olive. By reason of this hard lump, the lower lip at the time of the trial was thickened about one-eighth of an inch and caused to protrude somewhat, and this protrusion was plainly discernible to the court. This will cause him to suffer some embarrassment and psychological disturbance in his association with others, particularly during his boyhood. The sum of $825 fully covers all special damage by way of medical expenses which the plaintiff has been obliged to incur or will be obliged to incur on account of this action for many years, which leaves a sum of $5000 to compensate for his pain and suffering, the loss of one front tooth, the loosening of three others, the slight disfigurement of his lower lip and the possible expense of having to obtain new bridge work at some future time.

In a case of this character tried by the court, we cannot disturb the court's finding as to the amount of damages unless it appears that the court unreasonably exercised the large discretion necessarily vested in it and awarded damages so excessive as to be unrea-

sonable and to amount to an injustice. *Goodwin* v. *Giovenelli*, 117 Conn. 103, 109, 167 Atl. 87; *Horsfall* v. *Foley*, 111 Conn. 722, 723, 150 Atl. 64; *Goldberg* v. *Mertz*, 123 Conn. 308, 310, 194 Atl. 721; *Andrews* v. *Annunziato*, 115 Conn. 728, 163 Atl. 415. Each case depends so much upon its own facts that an amount justified in one would not necessarily be an indication of how much ought to be allowed in another. In the instant case, however, we are of the opinion that an award of more than $3000 in the way of general damage, in addition to the special damages shown, is unreasonably excessive.

There is error and the case is remanded with direction to enter judgment for the plaintiff to recover $3825.

In this opinion MALTBIE, C. J., BROWN and ELLS, Js., concurred.

JENNINGS, J. (dissenting). I am not able to agree that this court is justified, even if it has the power, to direct judgment in this case. The record shows that the damages were based largely on the appearance of the plaintiff. We did not see him. The finding affords no sufficient basis for the action taken. In *Goodwin* v. *Giovenelli*, cited in the opinion, the trial was to the court but the usual procedure of ordering a remittitur was followed.

In a trial to the court, the trial judge sits as a jury. It is uniformly held that judgment cannot be directed by the appellate court on the ground that the damages awarded by a verdict are excessive without giving the plaintiff the option of filing a remittitur or of having a new trial. While here the constitutional right to trial by jury is not involved, much of the reasoning of the cases applies. 20 R. C. L. 281; 3 Am. Jur. 686,

§§ 1177, 1179; 53 A. L. R. 779, note. The English rule goes so far as to require the consent of the defendant to the filing of a remittitur. *Watt* v. *Watt*, 1905 A. C. 115, 6 B. R. C. 1, 2 Ann. Cas. 672.