HENRYK KOWALCZYK *v.* KAZIMIERZ KLESZCZYNSKI

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

 

Argued April 8—decided May 18, 1965

*William F. Mangan, Jr.*, and *Alan A. Green*, for the appellant (defendant).

*Maurice W. Rosenberg*, for the appellee (plaintiff).

SHANNON, J. The plaintiff alleged that the defendant seduced and carnally knew the plaintiff's wife, Janina Kowalczyk. As a result of this action, the plaintiff claims that he has lost her affection, has been deprived of her society and assistance, which he otherwise would have had, and has suffered great distress of body and mind. The court found the issues for the plaintiff, and the defendant has appealed.

The defendant assigned as error the court's finding of three paragraphs of facts without evidence. The stipulated joint appendix does not include any evidence to support them. Therefore, we are required to, and do, strike them from the finding. Practice Book § 718; *Cushing* v. *Salmon*, 148 Conn. 631, 634, 173 A.2d 543; *Engelke* v. *Wheatley*, 148 Conn. 398, 411, 171 A.2d 402. The defendant also assigned as error three of the court's conclusions as unsupported by the subordinate facts. The finding, as corrected, does not support these conclusions, and therefore, they are stricken.

The finding with such corrections and additions as the defendant is entitled to includes the following facts: The defendant and the plaintiff's wife were arrested at a motel in Berlin at 11:25 a.m. on November 29, 1962. They subsequently pleaded guilty to a charge of lascivious carriage. The plaintiff and Janina were married on July 15, 1950, in Nantwich, England, by Father Tadeusz Urbanski. They came to New Britain from England in 1954 with their two children, who had been born in England.

There are several errors assigned which require discussion. The first one is that the court erred in admitting into evidence the certified copy of the marriage certificate of the plaintiff and Janina. The plaintiff testified that he, Janina, her father, and Father Urbanski had all signed it at the time of the ceremony and that it was, in fact, the original certificate of marriage which was given to him at that time. The ruling was correct. "Marriage certificates are treated in this state as original documents, and need not therefore be authenticated as copies." *Erwin* v. *English,* 61 Conn. 502, 507, 23 A. 753; *State* v. *Schweitzer,* 57 Conn. 532, 537, 18 A. 787; *Northrop* v. *Knowles,* 52 Conn. 522, 525, 2 A. 395; 1 Swift, Digest, p. 24. The defendant objected to the certificate's lack of authentication and not to its authenticity. In a case such as this, marriage may be proved in other ways. We have held that "cohabitation as husband and wife is evidence, and often sufficient evidence, that the parties have been validly married, but does not in itself constitute a marriage." *State ex rel. Felson* v. *Allen,* 129 Conn. 427, 432, 29 A.2d 306, and cases cited; 7 Wigmore, Evidence (3d Ed.), p. 428; 35 Am. Jur. 303, Marriage, § 191. There was ample evidence to prove

that the plaintiff and Janina Kowalczyk were married and that the plaintiff was entitled to maintain his cause of action.

The second and third assigned errors considered here attack the award of damages as excessive. The court found that the defendant and the plaintiff's wife had engaged in unlawful sexual intercourse. The court concluded that the plaintiff was entitled to compensatory damages in the sum of $15,000.

In a case of this character, tried by the court, we cannot disturb the court's finding as to the amount of damages unless it appears that the court acted unreasonably in the exercise of the large discretion necessarily invested in it and that the damages awarded were so excessive as to amount to an injustice. *Dunstan* v. *Round Hill Dairy, Inc.,* 128 Conn. 300, 302, 22 A.2d 631; *Flynn* v. *First National Bank & Trust Co.,* 131 Conn. 430, 435, 40 A.2d 770; *Goldberg* v. *Mertz,* 123 Conn. 308, 310, 194 A. 721. Each case depends so much upon its own facts that an amount justified in one may not necessarily be an indication of how much should be allowed in another. *Dunstan* v. *Round Hill Dairy, Inc.,* supra, 303. Since, in this case, there are no subordinate facts found to support the court's conclusions, as required by Practice Book § 619, we cannot determine whether this very substantial award was reasonable or, to the contrary, was an abuse of the court's discretion so as to be unjust. We have no alternative but to order a new trial. *Ford* v. *Hotel & Restaurant Employees & Bartenders Union,* 152 Conn. 533, 535, 209 A.2d 187; *Faille* v. *Hollett,* 150 Conn. 397, 400, 190 A.2d 53. The view which we take of this case makes it unnecessary to discuss the defendant's other assignments of error.

There is error in part, the judgment is set aside

and the case is remanded with direction to render judgment for the plaintiff to recover such damages as he may prove on a new trial limited to the issue of damages.

In this opinion the other judges concurred.