FRIEDA R. BRODSKY *v.* PHILIP BRODSKY

KING, C. J., MURPHY, ALCORN, HOUSE and COTTER, Js.

Argued November 2, 1965—decided January 4, 1966

*Daniel D. McDonald,* for the appellant (defendant).

*Ralph S. Kantrowitz,* for the appellee (plaintiff).

COTTER, J.   The defendant has appealed from a judgment granting the plaintiff, his wife, a legal separation on the ground of adultery and awarding her alimony and custody of and support for a minor child.

The parties were married on December 6, 1939, and two daughters were born of the marriage, one of whom was a minor at the time of the trial.   On December 2, 1961, the defendant went through a marriage ceremony in Stamford with a woman named Barbara Jean Miles.   Thereafter, he repeatedly represented, both publicly and to his family, that Barbara Jean Miles was his wife.

Adultery, as a ground for divorce or legal separation under General Statutes §§ 46-13 or 46-29, requires proof that the other spouse has engaged in extramarital sexual relations.   27A C.J.S., Divorce, § 21; 17 Am. Jur., Divorce and Separation, § 34; see *Schilcher* v. *Schilcher,* 124 Conn. 445, 200 A. 351; *Torlonia* v. *Torlonia,* 108 Conn. 292, 302, 142 A. 843; *Dennis* v. *Dennis,* 68 Conn. 186, 195, 36 A. 34;

*Trubee* v. *Trubee,* 41 Conn. 36, 40. A principal claim of error in the present case is that the plaintiff failed to prove that the defendant committed adultery with Barbara Jean Miles. Although the proof will be circumstantial in nearly every case, the plaintiff must nonetheless prove the adulterous relationship by a fair preponderance of the evidence. *Zeiner* v. *Zeiner,* 120 Conn. 161, 165, 179 A. 644. The circumstances must be such as to lead the guarded discretion of a reasonable and just man to the conclusion of guilt. *Neff* v. *Neff,* 96 Conn. 273, 275, 114 A. 126.

If the complaining party proves that the spouse has gone through a formally valid ceremony of marriage with another woman and that he is living with her, acts of intimacy will be presumed. See *Record* v. *Record,* 244 Iowa 743, 746, 57 N.W.2d 911. The burden then shifts to the responding party to offer evidence to rebut the presumption. The plaintiff has failed to prove that the defendant and Barbara Jean Miles were living together. Without such proof, there can be no presumption of intimacy.

The issue has been raised in this case by an attack on the court's finding that the defendant told the plaintiff that he was living with Barbara Jean Miles. This finding was crucial to the judgment. The defendant claims that it was not supported by the evidence. He has printed an excerpt from the plaintiff's testimony in the appendix to his brief, which he claims is the only evidence relevant to the finding in question.[1] Practice Book §§ 622, 718, 721.

---

[1] In response to the question "did your husband say anything to you as to his relations with that woman," the plaintiff answered: "A.—Yes. He told me and my children that he was married to this woman. Q.—Did he tell you whether or not he was living with her? A.—Yes, he did."

This testimony is ambiguous and inconclusive. It does not support the challenged finding. No additional evidence of substance was included in the plaintiff's appendix in support of the finding. Under our rules "it is incumbent upon the party who desires to sustain a challenged finding of subordinate facts to print as an appendix to his brief all the evidence, not printed by the other party, which he claims supports that finding." *Baton* v. *Potvin,* 141 Conn. 198, 200, 104 A.2d 768. The necessity and rationale for this rule have been thoroughly explained on prior occasions. *Cushing* v. *Salmon,* 148 Conn. 631, 633, 173 A.2d 543; *Engelke* v. *Wheatley,* 148 Conn. 398, 411, 171 A.2d 402; see Practice Book § 718.

In the present case the challenged finding is material, and no evidence in support of it has been supplied. It must be stricken. *Kowalczyk* v. *Kleszczynski,* 152 Conn. 575, 576, 210 A.2d 444. The overall finding, after the elimination of the challenged portion, cannot sustain the conclusion of the trial court that the defendant had sexual intercourse with Barbara Jean Miles, and a new trial will be necessary. Practice Book § 627; *Kowalczyk* v. *Kleszczynski,* supra; *German* v. *German,* 125 Conn. 84, 90, 3 A.2d 849.

In light of the foregoing, it is unnecessary to discuss the remaining assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.