RUBY MEISTER *vs.* MARTHA GALE ET ALS.

First Judicial District, Hartford, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

After the plaintiff had brought an action against the defendant G and had attached to the amount of $1,500 the interest of G in a farm owned in common by her and the defendant B, G conveyed to B her interest in the farm by a deed which recited: "And it is further expressly understood and agreed that an attachment which is a lien on the realty and personalty placed by Ruby Meister . . . in the sum of $1,000, should judgment be secured by said Meister . . . this grantee shall be held liable for the amount of said judgment." *Held* that the plaintiff, having secured a judgment against G for $6,592, was entitled to enforce his judgment lien against B's farm to the extent of $1,500, and that whatever might have been the rights of a subsequent pur-

chaser in good faith, he was in no position to take advantage either of any claimed infirmities in the original attachment, or of the facts that the plaintiff, having commenced his action against G. upon a note for $1,000, later filed a substituted complaint upon a note for $5,000 and based his recovery thereon, or of the erroneous statement in the deed concerning the amount of the attachment.

Although G had no right of redemption in the action to foreclose the judgment lien, since she had parted with all interest in the premises, the action of the trial court in granting her such right was harmless error.

　　Argued October 4th—decided December 12th, 1927.

ACTION to foreclose a judgment lien, brought to the Superior Court in Tolland County and tried to the court, *Jennings, J.;* judgment for the plaintiff, and appeal by the defendants. *No error.*

*Roger Wolcott Davis,* for the appellants (defendants).

*Louis Y. Gaberman* and *Samuel H. Aron,* for the appellee (plaintiff).

BANKS, J.   The defendants, Martha Gale and Klem Belam, each owned an undivided half interest in a farm in the town of Ellington. The plaintiff brought an action against Martha Gale, the nature of which does not appear in the finding, and attached her interest in the farm to the amount of $1,500. Thereafter she conveyed her interest in the farm to the defendant Belam by a deed which contained the following clause: "And it is further expressly understood and agreed that an attachment which is a lien on the realty and personalty placed by Ruby Meister of Hartford, Conn. against this grantor and her husband John Gale, alias Zigajlo, in the sum of $1,000, should judgment be secured by said Meister against said Zigajlos, this grantee shall be held liable for the amount of said judgment." There-

after the plaintiff filed an amended bill of particulars in that action, setting forth a cause of action on a note in the sum of $1,000, to which the defendant Gale pleaded payment by the execution of a new note in the sum of $5,000. The plaintiff then filed a substituted complaint setting forth a cause of action upon the new note of $5,000, notice of which was not placed in the land records or given to Belam, upon which she recovered judgment against the defendant Gale in the sum of $6,592.69, and placed a judgment lien for that amount upon the half interest of the defendant Gale in the land attached in the original action. The present action was brought to foreclose that lien, and the judgment recites that the defendant Gale shall be foreclosed of all equity to redeem unless the sum of $6,895.92 is paid on or before the law day named, and that the defendant Belam shall be foreclosed of his equity to redeem unless the sum of $1,500 is paid on or before the law day.

The defendants claimed that the attachment, and therefore the judgment lien, were invalid as against the defendant Belam, for two reasons: First, that the attachment was invalid because of the manner in which it was made. It appears that the officer lodged in the office of the town clerk a certificate of attachment and at the same time a certified copy of the process under which the attachment was made to which was attached an officer's certificate entitled "town clerk's return," and thereafter made service upon the defendant Gale. The contention of the defendant Belam is that the statute requires that the copy of the process be lodged in the town clerk's office after service upon the defendant, and that it must contain the indorsement of the officer that he has made service upon the defendant. Second, that the substitution of a new complaint based upon the note for $5,000 renders invalid the attach-

ment made in the original action upon a note for $1,000. The defendant Belam is not in a position to take advantage of either of these defenses. In the deed by which he took title it was stated that it was expressly understood and agreed that an attachment which was a lien had been placed upon the property by Ruby Meister and that the grantee Belam should be held liable for the amount of any judgment that might be rendered in the action of Meister against Gale. He agreed to take title subject to the lien of this attachment. As to him, therefore, the attachment was valid whatever its infirmities as to one in a position to take advantage of them.

The defendants' claim that the attachment was invalidated by the substitution of an entirely new cause of action for that upon which the attachment was made, is not supported by the finding. The finding does not state the nature of the cause of action set up in the original complaint, but it does appear that an amended bill of particulars was filed setting forth a cause of action upon a note of $1,000, and later a substituted complaint setting forth a cause of action upon a note of $5,000, which was given in payment of the $1,000-note, and to cover other indebtedness of the defendant Gale to the plaintiff. The cause of action upon which judgment was rendered included that upon which the attachment was made and additional items covered by the note for the larger sum. The increase in the amount demanded and recovered in the action against Gale did not affect the position of the defendant Belam in this action, the amount which he is called upon to pay in order to redeem being limited to the amount of the attachment upon the property when it was conveyed to him. Assuming without deciding that such a substitution of causes of action would invalidate an attachment as against a subsequent purchaser in

good faith, such is not the case here. Belam had actual notice of the existence of this attachment and must be presumed to have knowledge that amendments might be allowed by the court during the pendency of the action. He was in no way harmed by the allowance of the amendment to the complaint. Furthermore, he specifically agreed to pay the amount of the judgment secured by the plaintiff against Gale and is estopped from disputing the validity of the attachment. *Hartford-Connecticut Trust Co.* v. *Puritan Laundry, Inc.,* 95 Conn. 172, 111 Atl. 149. The clause in the deed to Belam erroneously states the amount of the attachment as $1,000. This does not affect the situation, since it is obvious that the reference is to the only attachment which it is claimed that the plaintiff had placed upon the property, which Belam admitted to be a lien and which was in the amount of $1,500.

The defendant Gale having parted with all interest in the premises had no right to redeem. 2 Jones on Mortgages (7th Ed.) § 1056. The action of the trial court granting her such right was however harmless error.

There is no error.

In this opinion the other judges concurred.