MORRIS M. ROSE *vs.* BONITO CAMPITELLO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 8th—decided April 12th, 1932.

*Frederick H. Waterhouse* and *Max Savitt,* for the appellant (plaintiff).

*James W. Carpenter,* with whom was *Julius G. Day, Jr.,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiff, who was driving a taxicab westerly on Elm Street in Hartford, collided with the defendant's automobile which was being operated southerly on Hudson Street.   The court found that both drivers were negligent, and the only question on this appeal is whether the court erred in finding the plaintiff guilty of contributory negligence. There are automatic traffic lights at the intersection of Hudson and Elm Streets.   As the defendant's car approached the intersection the light for north and south traffic was red, then turned yellow, and then green just as his car reached the intersection.   There were three other cars which had been also proceeding

south and had stopped at the intersection because of the red light. The driver of defendant's car, without looking either to the right or left or giving any signal, drove his car to the right of the other cars and between them and the curb and proceeded straight into the intersection. As the plaintiff approached the intersection, the light for east and west traffic was green, turned yellow before or just as he reached the intersection, and red before he reached the center of the intersection. The plaintiff was driving at a speed in excess of twenty miles an hour, and did not change his speed while approaching or after entering the intersection. The two cars came into collision in the west half of the intersection. The court found that reasonable care on the part of the plaintiff required that he should have reduced the speed of his vehicle and given a timely signal upon approaching the intersection, that he failed to do so, and was guilty of contributory negligence which was a proximate cause of his injuries. This finding of negligence is conclusive unless it appears that "the trier imposed some duty upon the parties which the law did not impose, or absolved them from some duty which the law required of them under the circumstances, or in some other respect violated some rule or principle of law." *Farrell v. Waterbury Horse R. Co.*, 60 Conn. 239, 257, 21 Atl. 675.

The memorandum of decision, to which we may resort for a better understanding of the basis of the court's decision, shows that the trial court based its finding of negligence upon § 1639 of the General Statutes, which requires any person operating a motor vehicle on approaching an intersecting highway to reduce his speed and give a timely signal where reasonable care requires such action, provided signs on the highway legible for a distance of one hundred feet

indicate the intersection. It does not appear in the finding that there were any such signs as the statute contemplates at the intersection in question. But there was a traffic light and the applicable statute was General Statutes, § 394. This provides that traffic facing a green light may proceed, except that vehicular traffic shall yield the right of way to pedestrians and vehicles lawfully within a crosswalk or the intersection at the time such signal was exhibited, and that, when a yellow signal is shown following the green, traffic facing it shall stop before entering the intersection unless so close to it that a stop cannot be made in safety. This statute gave the plaintiff the right of way as he approached the green light, but required him to stop when the light turned yellow unless he was then so close to the intersection that he could not safely do so. The court did not find the plaintiff negligent because of his failure to stop and the finding would permit an inference that at the speed at which he was traveling he could not safely have done so after the light turned yellow and before entering the intersection, because that would have left him directly in the path of vehicles crossing the intersection in a direction at right angles to his course. If so, the plaintiff would have the right of way over vehicles facing the green light to continue on his course and proceed through the intersection. But it would be his duty, in doing so, to operate his car as a reasonably prudent person with the knowledge that he had the right of way would operate his car under like circumstances. *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 Atl. 725. He would not be justified in relying upon his right of way in utter disregard of the presence of other vehicles which might be approaching the intersection, or if he had reason to suppose that in doing so he would incur the danger of collision. *Morosini* v. *Davis,* 110

Conn. 358, 363, 148 Atl. 371; *Whipple* v. *Fardig,* 112 Conn. 402, 152 Atl. 397. The right to proceed would not confer upon him a privilege to neglect the requirements of reasonable care in the rate of speed or manner of operation of his car in view of the existing conditions. *Leete* v. *Griswold Post,* 114 Conn. 400, 158 Atl. 919. So in approaching an intersection a driver must use reasonable care to guard against the possibility that a green traffic light may turn yellow and then red, thus putting an end to his right to proceed and giving that right to vehicles approaching upon the intersecting street. He has no right, as a matter of law, when he sees a green light ahead, to approach the intersection and, without reducing his speed, proceed through it in an attempt to "beat" the light; but it is his duty to drive at such a speed and to have his car under such control as a reasonably prudent person would in view of the possibility that the traffic light may change. If he is approaching at a moderate rate of speed careful operation of his car might not require any abatement of speed. If at a higher rate failure to slacken his speed as he approached the intersection might be the clearest kind of negligence. Had the trial court based its finding of negligence upon the ground either that even though the plaintiff had the right of way to pass through the intersection he was negligent in the operation of his car after entering it, or that he approached the intersection at too great a speed in view of his duty at an intersection having a traffic light, the case presented would be a very different one. As it was the trial court applied a wrong standard of care when it determined the measure of the plaintiff's duty upon the basis of the provisions of § 1639 of the General Statutes.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.