WILLIAM F. DUGGAN ET AL. *vs.* BYROLLY TRANSPORTATION COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued April 8th—decided May 14th, 1936.

*John T. Monzani* and *Martin E. Gormley,* for the appellant (defendant).

*William A. Bree,* with whom was *Francis J. Moran,* and, on the brief, *Daniel L. O'Neill,* for the appellees (plaintiffs).

BROWN, J. The court's finding of certain facts, and its conclusions that the plaintiff Duggan was free from contributory negligence, that the defendant was negli-

gent, and that this negligence caused the damage to the plaintiffs, are the errors assigned upon this appeal. No change can be made in the finding which could materially affect the issues decisive thereof.

The finding discloses these material facts: About three o'clock on the afternoon of November 27th, 1934, a clear dry day, Duggan was driving his employer's small bakery delivery truck southerly in Wallingford on the state highway from Meriden to New Haven, approaching an eating place known as Colony Lodge, situated on the easterly side of the road. A private driveway leads into the Lodge on its north side and another on its south, connecting at the rear of it. The traveled portion of the highway is macadam nineteen feet wide, with a shoulder three or four feet wide on its east side opposite this northerly driveway. About two hundred feet north of this driveway is a slight curve, and from that point southerly the road is straight and level for more than a quarter of a mile. As Duggan, who was fully acquainted with the locus, approached the northerly driveway, he was driving on his right-hand side of the road but toward the center, and there was no other vehicle proceeding southerly except a coal truck which was following some ten or twelve feet behind the plaintiffs' truck.

At a point about twenty-five or thirty feet north of the northerly driveway, Duggan signaled for a left turn by putting out his left hand and pointing left indicating that he was to turn into it. Immediately thereafter the coal truck pulled to the right and as the plaintiffs' truck slowed down and proceeded to make the turn into the driveway, passed it on the right and proceeded on southerly. When Duggan started to make the turn he saw the defendant's truck coming in the opposite direction on its own right side of the highway at about one hundred to one hundred and

twenty-five feet away, and as he was making the turn into the driveway the plaintiffs' truck was going at a speed of about ten or twelve miles an hour. At that time the plaintiffs' truck was opposite the north entrance and had traveled twenty-five or thirty feet from where Duggan first saw the defendant's truck, and upon then looking toward the defendant's truck again, he discovered that it was but fifty or seventy-five feet away. As the plaintiffs' truck continued on, it was struck by the defendant's truck when the rear end of the former had reached a point twelve feet into the northerly driveway.

The defendant's truck was eighteen feet long, weighing seven tons, and was loaded with five and one-half to six tons of steel, which had been treated with oil that had been dripping through the body onto the tires from the time it had left Bridgeport. It was equipped with two-wheel brakes and, proceeding at a speed of twenty-five miles an hour, could have been stopped within a distance of twenty feet. The operator of each truck had an unobstructed view of the other for at least two hundred feet from the northerly driveway. Just prior to colliding with the plaintiffs' truck at the point already stated, the defendant's truck traveled over one hundred feet, veering slightly to its driver's right and across the grounds of the Colony Lodge. By the force of the impact the plaintiffs' truck was pushed fifty-four feet and totally demolished, and Duggan was thrown out and injured. When the trucks had come to rest, the rear of the defendant's was forty feet from the edge of the traveled portion of the road. The defendant's driver at no time shut off the power of his truck and he did not apply his brakes until just about the time of the impact.

Error in the court's conclusion that Duggan was free from contributory negligence is the contention to

which the defendant's brief is primarily devoted. The gist of one claim is that when Duggan entering the driveway looked and saw the defendant's truck coming about fifty to seventy-five feet away, it had already headed off of the road and onto the Colony Lodge property on a course which made the danger of collision evident, and that therefore he was negligent in failing to discover this and avoid it as, it is claimed, he could have done in the exercise of reasonable care. The defendant further specifically claims that Duggan's failure to look at the defendant's truck more than twice during the interval after the two trucks were within one hundred and twenty-five feet of each other constitutes negligence upon his part; and that in failing to anticipate that the driver of the defendant's truck when he saw the plaintiffs' truck and the coal truck approaching side by side, would infer that the former was simply overtaking and passing the latter pursuant to statute, leading him reasonably to turn off to his own right to give them room, Duggan was also negligent. The bare statement of these propositions in the light of the subordinate facts found is sufficient to refute the defendant's argument that such conduct by Duggan constituted negligence as a matter of law. The determination of whether Duggan exercised reasonable care depended upon whether he acted as an ordinary reasonably prudent person would have acted under the circumstances. This presented a question of fact for the trial court and since it appears that in concluding in the affirmative thereon the court did not fail to apply a correct standard, its conclusion is not reviewable. *Rozycki* v. *Yantic Grain & Products Co.*, 99 Conn. 711, 715, 122 Atl. 717. Thus, as the court suggests in its memorandum of decision, to which we may resort for a better understanding of the basis of its decision, Duggan had a right to turn as he did if it

would reasonably appear to an ordinary reasonably prudent person that he might do so without risk of collision, and in so doing he had a right to assume that the defendant's driver would use his senses to see and avoid a collision; and that he had time to cross is evidenced by the fact that he had crossed and was well off of the road when struck, so that, had the defendant's truck continued in the road, the collision would not have occurred.

As to the defendant's negligence, although the defendant's driver could have brought his truck to a stop within a distance of twenty feet when the plaintiffs' truck, in plain view, was making the turn into the driveway from fifty to seventy-five feet ahead of him, he not only failed to do so but did not apply his brakes at all until almost the instant of impact, and, instead of bearing to his left to avoid, continued on his course to the right and collided with the rear of the plaintiffs' truck twelve feet off of the highway. This conduct of the defendant's driver, under the circumstances, amply warranted the court's conclusion that it constituted negligence which was the sole cause of the collision. The court's finding of negligence is conclusive since it does not appear that it imposed any "duty upon the parties which the law did not impose, or absolved them from some duty which the law required of them under the circumstances, or in some other respect violated some rule or principle of law." *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 257, 21 Atl. 675; *Rose* v. *Campitello*, 114 Conn. 637, 639, 159 Atl. 887. The court did not err in concluding that the defendant was negligent and that this negligence caused the plaintiffs' damage.

There is no error.

In this opinion the other judges concurred.