ELIZABETH P. SHEA *v.* ELVIRA M. STELCEN.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 9—decided May 22, 1942.

*Joseph Shelnitz,* for the appellant (plaintiff).

*Samuel H. Platcow,* with whom was *Farrel J. LeRoy,* for the appellee (defendant).

BROWN, J. On the afternoon of April 27, 1941, the plaintiff's husband as her agent was driving her DeSoto sedan easterly on Welch's Point Road in Milford, keeping to his right of its center, and was approaching Oakland Avenue, which intersects it at right angles from the south. The defendant was driving her Plymouth car northerly on Oakland Avenue, also approaching the intersection. The plaintiff's husband knew this was a "blind corner" by reason of a house, trees and other obstructions located on the southwest corner lot. He first saw the defendant's car in the intersection on Welch's Point Road, whereupon he applied his brakes, making tire marks on the road for a distance of twenty-four feet terminating at the rear of his car. The defendant arrived at the intersection first, and as she drove into it she cut to her left of its center to proceed west on Welch's Point Road. The middle of the left side of her car and the left front corner of the plaintiff's car were in collision at a point south of the center line of Welch's Point Road and six feet west of the westerly edge of the intersection. Damage to the plaintiff's car resulted. These facts are not in dispute. The court concluded that the defendant was negligent, that the plaintiff's husband was contributorily negligent, and that their concurrent negligence caused the collision and the plaintiff's damage, and gave judgment for the defendant.

The plaintiff's principal claim upon this appeal is that the court erred in concluding that her husband was guilty of contributory negligence barring her right to recover. In addition to the above facts the court found that in approaching the intersection the plaintiff's husband operated her car at a speed of at least about thirty-five miles per hour, and that when he first saw the defendant's car the plaintiff's car was at least sixty-four feet west of the westerly boundary of the intersection. The plaintiff contends that there is no evidence to support either of these findings and that without them the conclusion of contributory negligence cannot be sustained. We are satisfied, however, from our study of the evidence that the court was warranted in finding both of these facts. Since neither of these claimed corrections can be made, the court's further finding that the plaintiff's car was approaching the intersection at an unreasonable and excessive speed under the circumstances, and that her husband failed to keep a proper lookout and to have the car under such reasonable control as to enable him to stop it in time to avoid striking the defendant's car, which the plaintiff has also assigned as error, must stand. Therefore the court's conclusion of contributory negligence is supported by the facts found.

The further claim of the plaintiff is that, even though the finding cannot be corrected, this conclusion of the court is erroneous because the memorandum of decision shows that in reaching it a wrong principle of law was applied. The memorandum, after referring to the knowledge of the plaintiff's husband of the dangerous conditions at this corner, goes on to state that he "nevertheless did not commence to prepare to give the right of way to vehicular traffic proceeding north on Oakland Avenue into said intersection if circumstances warranted the according of said right of way." While

the memorandum may be consulted to ascertain the standard of care applied (Conn. App. Proc., § 90, p. 120; *Burk* v. *Corrado,* 116 Conn. 511, 513, 165 Atl. 682), considering the statement quoted in connection with the finding (*Reiley* v. *Healey,* 122 Conn. 64, 72, 187 Atl. 661), we construe it as suggesting merely that, among the circumstances bearing on this driver's due care, one of the things which he should have had in mind was the possibility that at the corner a situation might present itself which would require him to yield the right of way to a vehicle emerging from his right. We therefore conclude that the statement fails to show that the court held the plaintiff's husband to the duty of extraordinary instead of reasonable care under the circumstances, as contended by the plaintiff.

There is no error.

In this opinion the other judges concurred.