THE FEDERAL LAND BANK OF SPRINGFIELD *v.*
JOSEPH A. KONIECZKO.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 1—decided June 14, 1945.

*Edward L. Dennis,* with whom, on the brief, was *Elizabeth D. Hutchins,* for the appellant (plaintiff).

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellee (defendant).

JENNINGS, J. The only litigated issue was the allowance as a credit, on a debt due on foreclosure of a contract of sale of land, of the value of a barn on the premises destroyed by the hurricane of 1938. The finding was not attacked.

On May 31, 1932, the parties entered into a contract of sale under which the plaintiff agreed to deliver possession of a farm to the defendant and, upon the performance by him of certain covenants, to deed it to him. These covenants covered, among other things, a schedule of payments, an agreement to maintain insurance against fire payable to the plaintiff and one "To keep the buildings in good repair, ordinary wear and tear excepted." On September 21, 1938, a barn, necessary to the operation of the farm and valued at $1300, was destroyed by the hurricane. On February 4, 1939, the parties entered into a supplemental contract by which the original contract was ratified and confirmed except as to the payments to be made. It recited that "The unpaid balance of principal as of February 1, 1937, is $6,383.68." Certain credits to and debits against this sum were recited and a detailed schedule of payments of interest and principal was set forth, but no mention was made of the loss of the barn in this contract nor was any credit therefor allowed on

the principal amount due. That amount, as of the date of the supplemental contract, could be definitely ascertained by mathematical computation of the debits and credits recited and was the amount which the defendant definitely agreed to pay. The value of the farm as of the date of judgment was $12,000, nearly double the purchase price named in the supplemental contract. The defendant claimed and the trial court held that he was entitled to a credit of $1300 on the amount of the judgment obtained in this action of foreclosure on the ground that the risk of loss of the barn was on the vendor.

The question whether the risk of loss is on the vendor or vendee, discussed at length in *Anderson* v. *Yaworski,* 120 Conn. 390, 181 Atl. 205, is not involved in this case. It usually arises when the parties have failed to provide for a contingency which subsequently occurs. Here the supplemental contract was entered into after the loss of the barn and provided for the payment by the defendant of a certain sum of money to the plaintiff. The record shows that the effect of the loss of the barn was considered at the time of the making of the supplemental contract. The answer contained an allegation that the plaintiff, at the time of the execution of the supplemental contract, assured the defendant that a reduction would be made if he built a new barn. The judgment specifically found this allegation not proved. The basis of the trial court's decision on this point is found in the memorandum of decision, which may be consulted for that purpose. *Duggan* v. *Byrolly Transportation Co.,* 121 Conn. 372, 375, 185 Atl. 85; Conn. App. Proc., p. 120, note 7. The basis of the decision was that, although the matter was discussed at the time, no binding agreement was made. It thus appears that the defendant entered into the agreement to pay the sum fixed

by the supplemental contract without any binding agreement for the credit requested by him and allowed by the trial court. The agreement to pay was absolute, and loss due to an act of God never excuses the performance of a duty created by the contract of the party sought to be held. *School District No. 1* v. *Dauchy*, 25 Conn. 530, 536; *Worthington* v. *Charter Oak Life Ins. Co.*, 41 Conn. 372, 401. See also Corbin, Discharge of Contracts, 22 Yale L. J. 513, 519. The defendant has foreclosed himself of recovery by his own words. *Meister* v. *Gale*, 107 Conn. 52, 56, 139 Atl. (2d) 700. He is not entitled to credit for the value of the barn. Its loss was not an element in the supplemental contract. The day of redemption having passed, the case must be remanded in any event for the purpose of setting a new date. *City Lumber Co.* v. *Borsuk*, 131 Conn. 640, 647, 41 Atl. (2d) 775.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to enter a new judgment modified in accordance with this opinion and fixing a new law day.

In this opinion MALTBIE, C. J., and DICKENSON, J., concurred; BROWN and ELLS, Js., dissented.