RUTH GORMAN *v.* AMERICAN SUMATRA TOBACCO CORPORATION ET AL.

BALDWIN, KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 10—decided May 5, 1959

*Henry J. Goldberg,* with whom, on the brief, was *Jacob Schwolsky,* for the appellant (plaintiff).

*Robert C. Danaher,* for the appellees (defendants).

MELLITZ, J. The plaintiff brought this action to recover for injuries resulting from a collision between her car and a truck owned by the named defendant and operated by its agent, the defendant Leddy, in the intersection of Morgan Street, Veterans Highway and Connecticut Boulevard, in Hartford, on November 23, 1956. The intersection is a large and complicated one. Morgan Street has seven traffic lanes and runs easterly and westerly. It is intersected by Veterans Highway, which runs northerly, and Connecticut Boulevard, which runs southerly, each with six lanes for traffic. Movement of traffic in the intersection is controlled by an overhead light which operates in three phases. The first phase permits traffic to move easterly and westerly on Morgan Street, but from the most southerly lane a right-hand turn into Connecticut Boulevard is permissible at any time. This lane is exclusively for traffic making such a turn. The second phase permits traffic moving northerly on Connecticut Boulevard to continue northerly on Veterans Highway or to make a left turn westerly on Morgan Street. The third phase permits traffic on Veterans Highway to pass through the intersection and continue southerly on Connecticut Boulevard, or to turn left or right and proceed easterly or westerly on Morgan Street.

The plaintiff, traveling easterly on Morgan Street in the most southerly lane, approached the intersection when the traffic light was in its second stage and brought her car to a stop alongside and to the right of two large trailer trucks. Vehicles which had been proceeding northerly on Connecticut Boulevard were making a left turn into Morgan Street. The plaintiff's vision of the intersection to her left was completely obscured by the trailer trucks. The defendant Leddy, operating a pickup truck in a southerly direction on Veterans Highway, reached the intersection when the traffic light was red and brought his truck to a stop. When the light turned green, he proceeded into the intersection in first gear for a distance of about eighteen to twenty feet, where he was stopped by traffic which had emerged from Connecticut Boulevard and was waiting to proceed westerly on Morgan Street. An operator of one of the waiting vehicles brought his vehicle to a stop at a sufficient distance behind the vehicle ahead to allow Leddy to pass through. The operators of the two trucks standing to the left of the plaintiff motioned Leddy to pass in front of them and complete his progress through the intersection. He had proceeded a considerable distance through the intersection with the green light in his favor when the light changed to green for the plaintiff. As soon as the light changed, the plaintiff, without looking to the left to determine whether the intersection was cleared of the traffic which had been moving southerly on the green light, proceeded straight ahead, not intending to turn right into Connecticut Boulevard. She assumed that she could proceed through the intersection without looking, because the traffic light was green for her. She failed to see the pickup truck until just before there was a collision between

its right front fender and the left front fender of her car.

On these facts, found by the trial court and not challenged by the plaintiff, the court concluded that Leddy, having the green light with him and having proceeded into the intersection, had the right to pursue his course through the intersection as would a reasonably prudent person having the right of way; that the plaintiff, at the time the light changed to green in her favor, did not have the right to proceed without maintaining a lookout for other vehicles already in the intersection; that she was chargeable with negligence in failing to maintain a proper lookout and in failing to have her car under reasonable control; and that her negligence was a proximate cause of the collision.

The conclusions of the trial court are to be tested by the finding and not by the evidence. *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation,* 142 Conn. 349, 358, 114 A.2d 216. A conclusion of negligence or freedom from it is, ordinarily, one of fact, and if the conclusion reached from the facts found was reasonable the decision of the trier is final. *Pillou* v. *Connecticut Co.,* 143 Conn. 481, 484, 123 A.2d 470. In view of the condition of traffic in the intersection when the traffic light turned green for the plaintiff, it was her duty to operate her car cautiously, to be reasonably vigilant and to maintain a proper lookout. *Whipple* v. *Fardig,* 112 Conn. 402, 403, 152 A. 397. When the light changed to green, she was required to act as would a reasonably prudent person with the knowledge that she had the green light in her favor and that she could not proceed in disregard of the presence of other vehicles in the intersection. Rev. 1958, § 14-299 (b) (1) ; *Rose* v. *Campitello,* 114 Conn. 637, 640, 159 A. 887. Upon

the subordinate facts found, there was ample basis for a conclusion that her conduct in proceeding without looking to observe other traffic in the intersection constituted negligence which was a proximate cause of the collision. *Mulvey* v. *Barker,* 138 Conn. 551, 555, 86 A.2d 865.

There is no error.

In this opinion the other judges concurred.