**Joseph Kocour, Plaintiff-Appellee, v. Robert G. Mills, Defendant-Appellant.**

**Gen. No. 11,312.**

Second District, First Division.

November 24, 1959.

Released for publication December 10, 1959.

Rathje and Woodward, of Wheaton (John S. Woodward, of counsel) for defendant-appellant.

Corrigan, MacKay, and Fitzgerald, of Wheaton (William E. Corrigan, of counsel) for plaintiff-appellee.

JUSTICE DOVE delivered the opinion of the court.
This is an action to recover damages for personal injuries sustained by the plaintiff as the result of an

automobile collision when the car driven by defendant struck the rear end of plaintiff's car when it was stopped at an intersection. At the conclusion of all the evidence, the trial court granted plaintiff's motion to find the defendant guilty of negligence and so instructed the jury. The question of determining the amount of plaintiff's damages was submitted to the jury under appropriate instructions, resulting in a verdict in favor of the plaintiff for $6,000 upon which judgment was rendered. Defendant's post trial motion was denied and he prosecutes this appeal.

No question is raised concerning the pleadings, conduct of the trial, admission or rejection of evidence or general instructions. Neither is it insisted that the damages are excessive nor that plaintiff was guilty of contributory negligence. The sole question presented for determination upon this appeal is whether the trial court, at the conclusion of all the evidence, erred in finding the defendant guilty of negligence as a matter of law and so instructing the jury.

Other than the testimony involving the medical aspects of the case the plaintiff and the defendant were the only witnesses. Plaintiff testified that on July 12, 1956, he was the owner of a 1951 Nash Ambassador automobile and about five o'clock on the afternoon of that day he was driving in a southerly direction on Route 83 in the vicinity of the intersection of St. Charles Road and said Route 83 in Du Page County; that there were the customary stop and go electric signals at this intersection; that the day was clear and bright; the pavement dry and he had stopped at this intersection and was waiting in the outside lane for the red light to change when his car was struck in the rear by the automobile of the defendant.

The plaintiff further testified that he had been waiting at the intersection for nine or ten seconds and just prior to the time he heard the right front of defend-

306

ant's car hit the left rear end of his car, he heard the brakes on defendant's car squeal; that he then looked into the rear view mirror of his car and an instant later his car was hit in the rear by the defendant's car. Plaintiff further testified that at the intersection, just after the accident, he had a conversation with the defendant during the course of which the defendant said: "Gee, I'm sorry I hit you." Plaintiff then asked the defendant what happened and defendant replied "I don't know. I guess my brakes failed."

The defendant testified that July 12, 1956 was his eighteenth birthday; that he owned a 1947 Chrysler Coupe and on that day it was in good condition; that he had had the brakes adjusted that very afternoon and had occasion to use them prior to reaching the intersection and that they were working fine. He further testified that Route 83, where it intersects with the St. Charles Road, is a four-lane highway with a parkway between the North and South traffic lanes; that upon the occasion in question he was alone in his car driving in a southerly direction on Route 83 in the inner, or passing lane, the lane closest to the parkway; that when he was about 100 or 200 feet north of the intersection and approaching it he was driving about thirty-five miles per hour; that there was one car directly in front of him at the time he approached the intersection; that this car was also in the passing lane, the lane in which he was traveling, and three or four car lengths ahead of him; that when he was about fifty feet away from the intersection the light was green but suddenly switched to red.

Defendant further testified that he did not notice the red light change to yellow before it changed to green; that the car in front of him was driven by a woman and she stopped at the stop and go light suddenly and when she did so her car was about even with plaintiff's car; that he applied his brakes, but realized

307

he could not stop in time, so he attempted to go between the car which stopped in front of him and the plaintiff's car which was stopped in the outside lane and in so doing, he hit the plaintiff's car. He further stated that after he applied his brakes the speed of his car was reduced so that at the time he hit the plaintiff's car he was traveling three or four miles per hour; that he did not see plaintiff's car until just before the collision; that his front fender struck the left rear fender of plaintiff's car and after the impact defendant's car was partially in the inner traffic lane and partially in the outer traffic lane.

Counsel for appellant insists that the testimony found in this record discloses that defendant was not guilty of negligence as a matter of law in the operation of his automobile at the time of and just prior to his collision with the automobile of the plaintiff. We are unable to agree. What this record discloses is that defendant was driving his car either too fast just before the collision or was following too closely behind the automobile which was in his traffic lane when it stopped in obedience to the traffic signal. Defendant had observed the intersection signals as he approached the intersection. He knew, or should have known, that they were likely to change at any moment. He knew that if, at the speed he was traveling, he could not stop in the space which intervened between the front of his car and the rear of the car in front of him, that there would be a collision. When, too late to stop in that distance, he realized that a collision was inevitable he sought to avoid striking the car which was immediately in front of him in the same traffic lane by turning his car to the right. He thereby avoided striking the car directly ahead of him but did strike plaintiff's car which was also stopped in response to the signal.

308

In Ceeder v. Kowach, 17 Ill.App.2d 202, it appeared that the plaintiff and defendant were driving their automobiles in a northeasterly direction on Ogden Avenue in Chicago. Both cars were in the same lane of traffic with the defendant following the plaintiff some ten or fifteen feet. About 100 feet west of the Kostner Avenue intersection, their cars were held up momentarily by traffic. When they started again, defendant stayed about the same distance—some ten to fifteen feet—behind the car of the plaintiff and drove at a speed of from ten to fifteen miles an hour. At the intersection, plaintiff stopped his car for a red light and the defendant's car skidded on the wet pavement into the plaintiff's car. In reversing the judgment of the trial court for the defendant and remanding the cause to the trial court with directions that the only issue to be submitted to the jury upon remandment was that of damages, the Appellate Court held that under the circumstances disclosed by the record in that case the defendant was guilty of negligence as a matter of law. In the course of its opinion the court said: (pp. 203–4) "We think defendant was guilty of negligence as a matter of law since it is our opinion that he should have foreseen that plaintiff would probably have to stop for a red light; that traffic on adjoining lanes would prevent turning out of the way of plaintiff's car; that he would have to apply his brakes; that his car would probably skid on the wet pavement if the brakes were applied too suddenly; and that if he were going too fast or was not far enough behind he would collide with plaintiff's car. The fact that his car skidded into plaintiff's car, even though the pavement was wet, leaves room for no other inference, we think, except that under the circumstances defendant 'was driving too fast or following . . . too close-

309

ly'. Kronenberger v. Coca Cola Bottling Co. of Chicago, Inc., 324 Ill. App. 519."

Landess v. Mahler, 295 Ill. App. 489, involved a collision between automobiles at a street intersection. In the course of its opinion the court (p. 501) quoted with approval from Rose v. Campitello, 114 Conn. 637, 641, where it was said: "In approaching an intersection a driver must use reasonable care to guard against the possibility that a green traffic light may turn yellow and then red thus putting an end to his right to proceed and giving that right to vehicles approaching upon the intersecting street. He has no right, as a matter of law, when he sees a green light ahead, to approach the intersection and, without reducing his speed, proceed through it in an attempt to 'beat the light' but it is his duty to drive at such a speed and to have his car under such control as a reasonably prudent person would, in view of the possibility that the traffic light may change. If he is approaching at a moderate rate of speed, careful operation of his car might not require any abatement of speed. If at a higher rate failure to slacken his speed as he approached the intersection might be the clearest kind of negligence." Continuing, the court then said (p. 502) "when plaintiff's car was on Cicero, some distance north of Addison, the green light was in his favor and no traffic was ahead of him. He knew or should have known about how long the light had been on and that it would probably turn from green to yellow and red before he reached Addison; that defendant's car was nearing the intersection, and plaintiff in the exercise of due care should have controlled his car accordingly."

The defendant seeks to justify his conduct and driving upon the occasion in question on the ground that the stop light suddenly changed and left him with no

310

other alternative than to strike either the car that had stopped immediately in front of him or plaintiff's car. Under the admitted facts disclosed by this record defendant was under a duty to anticipate that the stop light might change. Had he had his car under control he would have stopped before his car came in contact with the car of the plaintiff or any other car that had stopped in obedience to the traffic signal. His failure to see the stop light change or to anticipate that it would change is no justification whatever for the manner in which he operated his car. It was a bright, clear day, the pavement was dry and level. There was nothing to obstruct defendant's view or distract his attention. He should have had his automobile under such control that he could have stopped it without running into other traffic lawfully upon the highway and lawfully stopped at the intersection. The evidence in this record suggests no reason why defendant, if he had had his car under proper control, could not have stopped it either in the outer lane behind the plaintiff or in the inner lane behind the other car.

■ ■ As defendant's counsel suggests the question of a defendant's negligence is ordinarily a question of fact to be submitted to the jury. It becomes a question of law only where reasonable men in considering the evidence presented to them would agree in their deductions from it. (Tabor v. Tazewell Service Co., 18 Ill.App.2d 593, 598.) After a careful consideration of this record we believe that all reasonable men, of fair understanding, would agree that the defendant in the operation of his automobile at the time and place in question was guilty of negligence.

There is no conflict in the evidence found in this record. The trial court concluded that there was no issue of fact to be presented to the jury on the question of liability and that as a matter of law, defendant was

311

guilty of the negligence charged. The trial court's deductions were correct and the judgment appealed from must be affirmed.

Judgment affirmed.

McNEAL, P. J. and SPIVEY, J., concur.