## LAWRENCE J. TARZIA *v.* WALTER KOOPMAN

KING, MURPHY, MELLITZ, SHEA and ALCORN, JS.

Argued May 3—decided July 26, 1960

*Francis A. Smith, Jr.*, with whom was *Gregory C. Willis,* for the appellant (defendant).

*Frank J. DiSesa,* for the appellee (plaintiff).

SHEA, J. The plaintiff brought this action to recover damages for injuries alleged to have been sustained as a result of the negligent operation of a motor vehicle by the defendant. The court rendered judgment for the plaintiff, and the defendant has appealed, claiming that the court erred in certain rulings on evidence; in finding that the defendant was negligent; and in failing to find that the plaintiff was chargeable with contributory negligence. The defendant also claims that the damages awarded were excessive.

The finding, which is not subject to material correction, discloses the following facts: Stillwater Avenue in Stamford runs easterly and westerly and is on an upgrade going westerly toward Spruce Street. Spruce Street runs northerly and southerly and intersects, but does not directly cross, Stillwater Avenue; the northern branch of Spruce Street is located some distance west of the portion which lies south of Stillwater Avenue. Each branch of Spruce Street forms a separate and independent intersection with Stillwater Avenue. These streets are located in a densely settled area. On a clear day, the operator of a vehicle going north on Spruce Street, on arriving at its intersection with Stillwater Avenue, has an unobstructed view of that avenue in either direction for about 300 feet. The operator of a vehicle on Stillwater Avenue, approaching from the east, can see the first Spruce Street intersection from a distance of between 200 and 300 feet.

On September 24, 1955, about 8:30 a.m., the plaintiff was driving his automobile in a westerly direction on Stillwater Avenue at about twenty miles per hour. It was raining hard and both of the windshield wipers on his car were operating. As he entered the first Spruce Street intersection, he looked to his left and saw the defendant's truck about thirty feet away, coming north out of the southern branch of Spruce Street. He then looked to his right and continued straight ahead. He did not see the defendant's truck again until his car was struck by it. The defendant was driving a 1940 truck equipped with only one windshield wiper. It was operating at the time, and the area covered by it was clear. The truck's windows were fogged over, and it was necessary for the defendant to keep them open in order to see. The left window was more than half way down, while the right window was open less than a quarter of the way. Rain coming into the truck from the side windows interfered to some extent with the defendant's vision. The defendant first saw the plaintiff's car approaching the intersection from his right; the vehicles were then approximately fifty feet apart. The defendant was going about twenty miles an hour. It was his intention to enter Stillwater Avenue, bear to his left in a northwesterly direction, cross Stillwater Avenue and enter the northern section of Spruce Street. He proceeded into the intersection and struck the plaintiff's car. The impact took place a little north of the center line of Stillwater Avenue, about fifteen feet west of its intersection with the southern portion of Spruce Street. The right part of the truck's front bumper struck the left front door of the plaintiff's car. The bumper penetrated the body of the car in such a manner as to wedge the plaintiff's left leg and foot

against the clutch, causing him serious and painful injuries.

On these facts, the court found that the defendant was negligent in failing to keep a proper lookout and that the plaintiff was not chargeable with contributory negligence. The defendant claims that these conclusions are unsupported by the evidence and points to the fact that the plaintiff first saw the defendant's truck when the vehicles were approximately thirty feet apart, while the defendant observed the plaintiff's car when the vehicles were about fifty feet apart. From this, he argues that the defendant's truck must have been the first to enter the intersection. This claim is without merit. In the first place, the distances found are approximate. They do not purport to be exact measurements. Stillwater Avenue is 40 feet wide, while the southern portion of Spruce Street is 24.5 feet wide. The impact took place on the north side of Stillwater Avenue more than fifteen feet west of the intersection. Both cars were going about the same speed. These facts clearly demonstrate that the defendant did not enter the intersection before the plaintiff. Furthermore, the test of the statutory right of way or the common-law right to proceed is not the time of arrival at the entrance to the intersection. *Prato* v. *Coffey,* 135 Conn. 445, 448, 66 A.2d 113; *Peckham* v. *Knofla,* 130 Conn. 646, 648, 36 A.2d 740.

It was the duty of the defendant to operate his truck with due care, to be reasonably vigilant and to maintain a proper lookout. *Gorman* v. *American Sumatra Tobacco Corporation,* 146 Conn. 383, 386, 151 A.2d 341. The driver of a motor vehicle whose vision is obscured owing to unfavorable atmospheric conditions must exercise greater care than one op-

erating under normal conditions. He must exercise care commensurate with the circumstances. Speed, weather conditions, visibility and all the other surrounding circumstances must be considered in the determination of the question whether the defendant was keeping a proper lookout. As he approached the intersection, he was chargeable with knowledge that he would be required to yield the right of way to vehicles approaching from the right at approximately the same time. *Shea* v. *Stelcen,* 129 Conn. 76, 79, 26 A.2d 580. The plaintiff had the right to assume, until, as a reasonable man, he was charged with knowledge to the contrary, that the defendant would yield the right of way to him. *McNaught* v. *Smith,* 127 Conn. 450, 454, 17 A.2d 771. The conclusion of negligence or freedom from it is ordinarily one of fact. Where the conclusion reached is a reasonable one, the decision of the trial court will not be disturbed. *Pillou* v. *Connecticut Co.,* 143 Conn. 481, 484, 123 A.2d 470; *Gorman* v. *American Sumatra Tobacco Corporation,* supra. The burden of proving that the plaintiff was chargeable with contributory negligence rested on the defendant. *Goodman* v. *Norwalk Jewish Center, Inc.,* 145 Conn. 146, 148, 139 A.2d 812. The court could reasonably conclude that the defendant failed to keep a proper lookout and that the plaintiff was free from contributory negligence.

The defendant also claims that the damages awarded were excessive. The judgment of $35,723.51 included special damages of $10,724.51. At the time of the accident, the plaintiff was thirty-one years old and had a life expectancy of 36.59 years. He sustained a compound comminuted fracture of the left tibia, a laceration of the peroneal tendon and a fracture of the left tibial malleolus. He was con-

fined to the hospital from the day of the accident until December 3, 1955, and during most of that time he was bedridden. On October 5, 1955, an operation was performed, and his leg was put in a cast. He wore the cast about twelve months. After he was discharged from the hospital, he was unable, for a year, to get about except in a wheel chair. He then began to walk with the aid of crutches and a cane. At the time of the trial, his leg was still swollen and scarred. He has approximately a 40 per cent permanent disability of the left leg at the knee. He was employed as a foreman in construction work and earned $100 a week. He was out of work until July 15, 1957, when he returned to his old job. He was, however, obliged to give it up in November, 1957, because of his inability to stand on his foot for more than short intervals. He was unable to work again until October, 1958, when he obtained employment as a truck driver for one of his relatives. His injuries were severe and painful. It is necessary for him to wear a special shoe, and he walks with a limp.

The assessment of damages in personal injury cases is within the province of the trier and will not be disturbed unless the sum awarded is shown to be plainly excessive. *Davis* v. *P. Gambardella & Son Cheese Corporation,* 147 Conn. 365, 373, 161 A.2d 583. This is particularly so where the amount is determined by the court in a trial without a jury. *Stults* v. *Palmer,* 141 Conn. 709, 711, 109 A.2d 592. In this case, we cannot say that the damages awarded were excessive.

The defendant has abandoned his claim that the court erred in its rulings on evidence.

There is no error.

In this opinion the other judges concurred.