RUTH KEKAC *v.* NEW YORK, NEW HAVEN AND
HARTFORD RAILROAD COMPANY

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued February 8—decided March 16, 1962

*Ruth Kekac,* pro se, the appellant (plaintiff).

*Thomas J. O'Sullivan,* with whom, on the brief, was *John D. McHugh,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover damages for injuries alleged to have been sustained as a result of the defendant's negligence. The court rendered judgment for the plaintiff, and she has appealed, claiming that the damages of $1650 were inadequate.

In December, 1951, the plaintiff, while awaiting the arrival of a train in the defendant's railroad station in Bridgeport, was injured as the result of a fall caused by a loose floor board. She sustained a mild concussion of the brain and bruises to her body and her right arm. Her neck was also injured, and she wore a traction collar for ten days. She had headaches. Her condition required bed rest at

home for a few days after the accident. She consulted a doctor six days later and saw other doctors thereafter. X rays indicated hypertrophic changes which had existed before her fall. Prior to 1948, she had been employed as a teacher in the Bridgeport school system. She was absent from her employment on temporary leave from the spring of 1949 until June, 1950, when she resigned her position. Her absence from work was due to a nervous condition which required treatment and hospitalization. Her special damages amounted to $334.49.

The plaintiff complains because the court failed to include in its award substantial sums for permanent disability and for loss of earning capacity since the accident. Damages in personal injury cases cannot be computed mathematically, nor does the law furnish any precise, definite rule for their assessment. *Sadonis* v. *Govan,* 132 Conn. 668, 670, 46 A.2d 895. The award of damages in such cases lies peculiarly within the province of the trier and will not be disturbed unless the sum assessed is clearly shown to be unreasonable. This is particularly so where the amount is determined by the court in a trial without a jury. *Tarzia* v. *Koopman,* 147 Conn. 540, 545, 163 A.2d 320; *Stults* v. *Palmer,* 141 Conn. 709, 711, 109 A.2d 592; *Squires* v. *Reynolds,* 125 Conn. 366, 369, 5 A.2d 877. In our examination of the record, we find nothing to require interference with the award of damages made by the trial court.

There is no error.