FRANK FRENIS, JR., ET AL. *v.* MICHAEL STRAZZERI

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 4-611-60

Argued January 12—decided May 2, 1962

*Joseph Protter,* of Waterbury, for the appellants (plaintiffs).

*Harry Krasow,* of Waterbury, for the appellee (defendant).

MACDONALD, J. The plaintiffs brought this action to recover damages for injuries alleged to have been sustained as a result of the negligent operation of a motor vehicle owned by the defendant. The court rendered judgment for the defendant, and the plaintiffs have appealed, claiming that the court erred in concluding "that the plaintiffs did not sustain their burden of proof, as required, to establish by a fair preponderance of the evidence . . . (2) that the plaintiff Frenis, Jr. was not guilty of contributory negligence." The trial court's conclusions are set forth in a lengthy memorandum of decision which under our rules becomes part of the record on appeal. Cir. Ct. Rule 7.30.1. Contributory negligence was pleaded as an affirmative defense. The

principal question raised before us is whether the trial court erred in concluding that the burden of proof on the issue of contributory negligence shifted to the plaintiffs.

"Certain fundamental rules must be kept in mind. In the first place [General Statutes § 52-114] . . . provides in part: '[I]t shall be presumed that . . . [the] person . . . who was injured . . . was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence be relied upon as a defense, it shall be affirmatively pleaded by the defendant . . . , and the burden of proving such contributory negligence shall rest upon the defendant.' It necessarily follows that the burden of proof, in the sense of risk of nonpersuasion, on the issue of contributory negligence rests throughout on the defendant and that an injured party can be found chargeable with contributory negligence only in a respect fairly within the purview of the allegations of an appropriate special defense." *Goodman* v. *Norwalk Jewish Center, Inc.,* 145 Conn. 146, 148. "The burden of proving that the plaintiff was chargeable with contributory negligence rested on the defendant." *Tarzia* v. *Koopman,* 147 Conn. 540, 544. This is the orthodox rule. "Yet even by the orthodox rule, the second burden, or duty of producing evidence, may be shifted by facts which raise a presumption of negligence, and these facts may appear . . . from the testimony adduced by the plaintiff himself, or even from the allegations of his declaration, especially under the modern looseness of pleading. Hence it happens that even in the jurisdictions maintaining the orthodox rule, the burden is sometimes said to be upon the plaintiff in certain exceptional cases of the above sort,—the distinction between the two burdens not being strictly observed." 9 Wigmore, Evidence (3d Ed.) p. 373.

An examination of the pleadings and of the facts which are set forth in detail in the court's memorandum of decision discloses no exceptional circumstances to warrant a departure from our rule that "[t]he fact of contributory negligence, sufficient in law to defeat a plaintiff, is . . . a part of the defendant's burden (or risk of non-persuasion)." Wigmore, op. cit., p. 372.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion Toscano and Jacobs, Js., concurred.